## FORBES & NELSON against GLASHAN.

*The service of notice of inquiry, in a case of forcible entry and detainer, must be either by affixing a notice in writing on some public and suitable place on the premises, as the front door of the house, or by delivering the notice personally to the party against whom the complaint is made, if on the premises.*

*HENRY,* for the plaintiffs, moved to set aside the conviction of forcible entry and detainer, in this case, for irregularity, and that *Forbes & Nelson* be restored to the lot and messuage, &c., of which they had been dispossessed by means of the conviction, or for such order as the court might think proper to grant, in the premises. He read a great many papers and affidavits,

*Where the affidavit of service of notice stated, that the party was not on the premises, and that the notice was "put upon the house in a conspicuous place," it was held not to be sufficient, and the conviction was set aside, and re-restitution awarded.*

but the important point on which he rested his application, was the want of due service of notice of the time and place of executing the warrant of inquiry of the entry and detainer. The justice, in his return, stated the service to have been by delivering the notice in writing to the person against whom the complaint was made ; but it appeared, from the affidavit of the person who served the notice, and which affidavit it was agreed should be considered as part of the return, that " he, the deponent, did not find *Forbes & Nelson* on the premises, at the time of serving the notice, but he put up the same on the house, in a conspicuous place, and gave notice to a woman, then in the house, and on the premises, of the said notice."

ALBANY,
January, 1816.

FORBES
v.
GLASHAN.

*I. Hamilton*, contra, cited *Shotwell's* case, 10 *Johns. Rep.* 304, (See S. C. *Clason* v. *Shotwell*, in Error, 12 *Johns. Rep.* 31.)

*Per Curiam.* We consider the affidavit of the service of the notice, by the consent of the counsel, as if incorporated in the return. The act (sess. 11. ch. 6. s. 3. 1 *N. R. L.* 96.) directs, that a notice in writing, of the time and place of the return of the precept of inquiry, should be " affixed up in some public and suitable place, upon the lands or tenements," &c., " or be delivered to the party against whom such complaint is made, if such party be on the premises." The true construction of the act is, that the service must be on some public and suitable place on the premises, or personally on the party. It should appear that every thing had been done, in the power of the party, to bring the notice home to the person who was entitled to receive it, according to the intention and direction of the act. The affidavit, in this respect, is defective. If it had stated that the notice had been affixed on the front door of the house, or in a public and suitable place, it would have been sufficient ; but we can intend nothing but what is expressly stated in the affidavit. The proceedings, therefore, must be set aside, and the possession restored.

The following rule was accordingly entered. " Ordered, that the conviction of forcible entry and detainer, in this cause, be set aside, or quashed, for irregularity ; and that the said *James Forbes* and *James Nelson*, be restored to the possession of the lot and messuage of which they have been dispossessed by means of the said conviction."