## COUNTY OF SOMERSET.

### DUTTON *versus* COLBY.

A tenancy at will may be terminated by the landlord's giving to the tenant a notice in writing as prescribed in R. S. c. 95, § 19.

If the tenant held over, the thirty days notice to quit, upon which to found a process of detainer cannot be given until the tenancy had been fully terminated.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

FORCIBLE ENTRY AND DETAINER of a farm.

The general issue alone was pleaded.

On March. 9, 1851, the respondent paid the complainant one year's rent of the farm in advance. No lease was given, and nothing was said about quitting at the end of the year.

On May 18, 1852, the complainant gave to the respondent written notice to quit the farm and surrender peaceable possession of it to the complainant. This process was instituted on June 18, 1852.

The case was submitted to the Court.

*J. S. Abbott,* for the complainant, cited R. S. c. 128; *Wheeler* v. *Cowan,* 25 Maine, 283; *Davis* v. *Thompson,* 13 Maine, 209; *Smith* v. *Rowe,* 31 Maine, 212.

The respondent has pleaded merely the general issue. Under that plea, nothing of tenancy at will can be set up.

*Webster*, for the respondent, as conclusive of the case, cited *Smith* v. *Rowe*, 31 Maine, 212.

WELLS, J. — The respondent became the tenant of the complainant on the ninth day of March, 1851, and gave his note for the amount of the rent for one year. There was no written lease, but a verbal agreement, that the respondent should occupy the premises for that period. After the expiration of the year, a notice in writing was given to him to quit.

By statute, c. 91, § 30, "no estate or interest in lands, unless created by some writing, and signed by the grantor or his attorney, shall have any greater force or effect, than an estate or lease at will."

The respondent was therefore tenant at will, and the notice given would terminate the tenancy. But the complainant could not have the aid of this process until he had complied with the statute, c. 128, § 5, and given a further notice after an end had been put to the tenancy, as was decided in *Smith* v. *Rowe*, 31 Maine, 212.

There does not appear to be any just ground of objection to the defence, made in this case, under the plea of the general issue.

According to the agreement of the parties, a nonsuit is to be entered.

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.