## EDWARD NASON v. W. K. BEST.

FORCIBLE ENTRY AND DETAINER; *Notice, Before Commencing Action.* A party desiring to commence an action of forcible entry and detainer should, at least three days before commencing his action, notify the adverse party, by a notice in writing, to leave the premises in dispute; and if he does not give such notice he cannot maintain the action. And this notice should show clearly who claims to be entitled to the possession of the premises, and who makes the demand therefor; and then no one but the person who thus claims the premises and makes the demand can maintain the action under such notice.

*Error from Marshall District Court.*

A SUFFICIENT statement of the facts and proceedings is given in the opinion. Judgment for *Best* was given at the August Term 1875, and *Nason* brings the case here.

*B. P. Waggener*, for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of forcible entry and detainer. The action was commenced before a justice of the peace, where judgment was rendered in favor of the plaintiff. The case was then taken to the district court on petition in

error, where the judgment of the justice was reversed, the case again tried, and judgment rendered in favor of the defendant. The plaintiff now brings the case to this court on petition in error.

We cannot tell from the record brought to this court whether the district court committed any material error or not. Certainly no material error is clearly and affirmatively shown; and therefore the judgment of the court must be affirmed. We would say, however, that it is necessary that a party desiring to commence an action of forcible entry and detainer should, at least three days before commencing his action, notify the adverse party by a notice in writing to leave the premises in dispute; (Gen. Stat. 810, § 161;) and if he does not give such notice he cannot maintain the action. *Kennedy v. Hitchcock*, 4 Porter, (Ala.) 230; *Pricket v. Ritter*, 16 Ill. 96; *Dutton v. Colby*, 35 Me. 505; *Mead v. Kirkpatrick*, 8 N. J. Law, 308; *Forbes v. Glashan*, 13 Johns. 158. And this notice should show clearly who claims to be entitled to the possession of the premises, and who makes the demand therefor; and then no one but the person who thus claims the premises and makes the demand can maintain the action under such notice. Therefore, a notice, not showing in the body of the same who claims the premises, but being "served by Noah Nason, in the name of Edward Nason as the agent of Noah Nason," is not a sufficient notice for Edward Nason to found an action of forcible entry and detainer upon. But even if such notice were sufficient, the judgment of the court below in this case would probably still have to be sustained upon other grounds, and for other reasons.

The judgment of the court below is affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.