Stuller v. Sparks.

---

### JESSE STULLER v. S. H. SPARKS.

NOTICE *in Forcible Entry and Detainer.* A plaintiff cannot maintain an action of forcible entry and detainer, if the three-days notice to leave the premises, prescribed by § 161 of the justices act, is not given, and the plaintiff, to obtain judgment in such a case, must affirmatively show the service of the notice.

*Error from Sumner District Court.*

THE opinion states the case.

*J. F. McMullen,* and *L. H. Webb,* for plaintiff in error:

1. Sparks gave Stuller no notice to quit before bringing this action. This is necessary under the statute, (Gen. Stat., ch. 81, § 161,) and Sparks cannot maintain this action without it. See also *Nason v. Best,* 17 Kas. 408; *Douglass v. Whitaker,* 32 id. 381, where the notice was held mandatory.

2. Each party had color of title, and the right of possession depended on who held the actual title. The whole substance of dispute was upon a question of title to land, and the justice had no jurisdiction, and, therefore, neither had the district court. It is impossible that each held title from the sole heir of Spradau. The deed of one of them must have been given by a party not the owner. Which one it was could be de-

termined only from evidence as to who were Spradau's heirs. But the court below refused to permit the deed to Matlack to be introduced in evidence at all, and proof of heirship would have been of no use without that deed. There is nothing about the two deeds to show which one was from the real heir. Why let one in and not the other? This was certainly error. *Conaway v. Gore*, 27 Kas. 127.

*Peckham & Peckham*, for defendant in error:

The averment of this notice and of its service being a part of the verified complaint, the court was authorized to take judicial notice thereof, and did in fact take notice of the same, and consider it as being *prima facie* proof of the service of the notice and of the contents thereof. The prior proceedings in a case are matters of which the court will always take judicial notice, and it is unnecessary to offer evidence to prove the same. *The State v. Bowen*, 16 Kas. 475.

On the trial in the district court, no question of this kind was raised, and it is now in this court first presented, and, being presented for the first time in this court, it cannot be considered here. *Furrow v. Chapin*, 13 Kas. 107; see, also, *St. L. L. & D. Rld. Co. v. Wilder*, 17 id. 239; *Venable v. Baptist Church*, 25 id. 177; *Botkin v. Livingston*, 16 id. 41; *Edmondson v. Beals*, 27 id. 656. But we submit that we have fairly answered such objection now urged, and that the the record discloses no material error in this respect.

The case presented is this: More than eight years prior to the time Stuller claims to have acquired any interest in the land, Sparks had gone into the actual possession thereof, claiming title thereto by deed of conveyance from grantors professing to be the only heirs at law of the deceased owner. From the time of taking such possession, in August, 1878, down to the intrusion of Stuller, in January, 1887, Sparks had continuously occupied and cultivated the land, and at all times had peaceable possession thereof, although not residing upon it, and at the time Stuller entered upon the land and built his house, Sparks had the land sown in growing wheat.

Since such entry by Stuller, he has by force detained the premises from Sparks. Was such entry by Stuller lawful or unlawful? See the case of *Coonradt v. Campbell,* 25 Kas. 227.

After more than eight years of undisturbed and peaceable possession, under claim and color of title, the defendant in error has acquired a right of possession which cannot be invaded or disturbed except by action of ejectment brought by one who has paramount title. "A forcible detainer relates back, and constitutes a forcible entry and detainer, when it follows an unlawful entry." *The State v. Wilson,* 94 N. C. 839; *Dickinson v. Maguire,* 9 Cal. 46; *Davis v. Woodward,* 19 Minn. 137.

If our position be correct, that Sparks had the right of possession, and could not be lawfully ousted therefrom except by judgment in an action in which paramount title could be shown in an adverse claimant, then not only was the entry of Stuller unlawful, but, coupled with an admitted forcible detainer, by relation back, the entry must also be held in law, if not in fact, to be forcible also, and the deed offered in evidence by Stuller did not tend to support any material issue.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below of forcible entry and detainer, brought by Sparks against Stuller, before a justice of the peace. Judgment was rendered by the justice awarding Sparks restitution of the premises. Stuller appealed to the district court. In that court Sparks again recovered judgment. Stuller complains of the rulings of the trial court, and of the judgment rendered against him. His complaint is well founded. Section 161 of procedure before justices of the peace provides:

"It shall be the duty of the party desiring to commence an action under this article, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with

the defendant, or at his usual place of abode, if he cannot be found; such notice may also be served by leaving a copy thereof with some person over 12 years of age, on the premises described in the notice." (Gen. Stat. of 1889, ¶ 5017.)

Under the provisions of section 161, if three-days notice to leave the premises is not given, a plaintiff cannot maintain an action of forcible entry or detainer. (*Nason v. Best*, 17 Kas. 408; *Conaway v. Gore*, 22 id. 216; *Douglass v. Whitaker*, 32 id. 381.) As a three-days notice to leave is necessary to maintain the action, the plaintiff or complainant must show upon the trial that such a notice was given, before he can have judgment in his favor. The complaint alleged that on the 2d day of May, 1887, plaintiff delivered to the defendant a true copy of the notice attached, marked "Exhibit A." This exhibit was a notice in due form, dated April 30, 1887, notifying the defendant to leave the premises described in the complaint, in accordance with the provisions of the statute. The record recites that "Exhibit A," attached to plaintiff's complaint, being the notice to quit, shown at page 4 of the case, was not offered in evidence, and no proof of service of the same upon the defendant at any time was offered or admitted. The answer of defendant contained a general denial of the allegations of the complaint. As no service of the notice to quit was shown, and as it was not admitted, the judgment was improperly rendered. It will be reversed, and the cause remanded for a new trial.

All the Justices concurring.