ARNOLD HEBEISEN et al. v. FRANK HATCHELL.

(Filed July 18, 1902.)

UNLAWFUL DETAINER—Will not Lie, When. Where two persons are contesting for a tract of government land on the ground of prior settlement and each party is in possession of eighty acres thereof, and the contest is closed, the entry of one canceled, and the other allowed to made homestead entry of the land, and subsequently the defeated entryman files a petition praying for department supervisory authority, and for a rehearing, and petitioner is granted a rehearing, and is given thirty days to file affidavits and brief as to why a rehearing should be granted, and the successful contestant is given the same time to file affidavits and brief as to why a rehearing should not be granted, all affidavits and briefs to be served on the opposite party, such order has the effect of reopening the contest for further consideration, and an action for unlawful detainer commenced by the contestant after the contest has been originally closed and after the entry of his adversary had been canceled and his entry filed, but after the order was made by the secretary of the interior, on the petition for rehearing, directing each party to make their respective showing for and against such rehearing, and before the secretary had either allowed or denied such rehearing, is prematurely commenced, and should be dimissed at the cost of the party bringing such action. Unlawful detainer will not lie to remove an unsuccessful claimant from a tract of government land until the controversy between the parties is finally settled in the interior department.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Ransom & Bailey,* for plaintiffs in error.

*T. H. Cuppage,* for defendant in error.

Opinion of the court by

BURWELL, J.: This is an action of unlawful detainer to recover the possession of the northeast quarter of section twenty-eight, north of range one east of the Indian meridian, in Kay county.

The facts in this case are about as follows: Arnold Hebeisen on October 27, 1896, filed a homestead entry on the land in question, and Frank Hatchell contested him. The contest was decided in favor of Hatchell and on November 18, 1899, Hebeisen's motion for review was denied, and his homestead entry as a result thereof, was canceled, and Hatchell allowed to file on the land on December 12, 1899.

Hebeisen then filed a petition asking for department supervisory authority, which petition was granted by departmental letter of May 11, 1900, which is as follows:

"DEPARTMENT OF THE INTERIOR, May 11, 1900.
*Frank Hatchell v. Arnold Hebeisen, Motion for Rehearing.*
"The Commissioners of the General Land Office.
"SIR: Arnold Hebeisen has filed a petition asking for the exercise of department supervisory authority, with a view to a further or supplementary hearing in the unreported case of *Frank Hatchell v. said Hebeisen,* decided September 8, 1899, and adhered to on review, November 18.

"The tract involved is the N. E. 1-4 of sec. 28, T. 28, N., R. 1 E., Perry, Oklahoma.

"Upon examination it appears that the proper grounds

have been shown for entertaining the petition. I am there-fore directed by the secretary to transmit the same to your office to be returned to the applicant, notifying him that it will be considered, provided he will serve upon the opposite party a copy of the same and of all the affidavits, exhibits and other papers filed in connection therewith, together with a copy of this order, and return said papers, with evidence of service, within thirty days from receipt thereof.

"Both parties will be allowed to file briefs, as provided by Rule of Practice No. 114. Very respectfully,

S. V. PROUDFIT,

"First Assistant Attorney."

Three days after this order was promulgated the plain-tiff commenced the present suit, and on May 20, 1900, judgment of "guilty" was rendered by the probate court against Arnold Hebeisen and his wife, Marie Hebeisen, and from this judgment the defendants appealed to the dis-trict court. On September 15, 1900, the secretary, after an examination of the affidavit and showing made by each party, finally closed the case, and denied Hebeisen a re-hearing, leaving Hatchell's entry intact. On October 26, 1900, the case was tried in the district court, which also resulted in a verdict of "guilty" against the defendants. At the commencement of the action each party was in pos-session of eighty acres of the land.

This judgment should be reversed for the reason that the contest case was still pending before the interior de-partment when it was begun in the probate court.

It is true that the contest had been closed once, but when the secretary made the order of May 11, 1900, giving Hebeisen the right to file affidavit and brief as to why rehearing should be granted, and giving Hatchell an oppor-

tunity to file affidavits and brief against such rehearing, it had the effect of reopening the contest for further consideration, and until the hearing on the petition pursuant to the order of May 11, 1900, was closed, Hebeisen had the right, one of the grounds of his contest being prior settlement, to occupy a portion of the land. It is true that this court has held that where two persons are contesting before the interior department for a tract of government land, and the land is awarded to one, he may maintain unlawful detainer against the unsuccessful contestant if he is in possession of any portion of the land, but on the other hand it has also held that until the contest is finally closed and the land awarded to one, unlawful detainer will not lie, (*Commager v. Dick,* 10 Okla. 82,) and the fact that the contest was closed before this case was tried in the district court is immaterial, as the district court only acquired jurisdiction by appeal, and the power of that court to render judgment against the defendant related back to the original commencement of the action in the probate court. The action having been prematurely commenced in the probate court, it should have been dismissed.

For the reasons herein stated, the judgment of the district court is hereby reversed, and the cause remanded at the cost of the appellee; and the district court is hereby directed to dismiss the cause of action, and to tax all of the costs to the defendant in error.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.