## Lewis Smith v. Angie Finger.

(Filed January 11, 1905)

1. **CIVIL PROCEDURE—Forcible Entry and Detainer—Pleadings** In an action in the probate court under the chapter on forcible entry and detainer, the defendant is not required to file any pleadings; the plaintiff, to entitle himself to a judgment of restitution, must prove his case.

2. **SAME—Notice.** A party desiring to commence an action of forcible entry and detainer should, at least three days before commencing his action notify the adverse party by a notice in writing, to leave the premises in dispute; and if he does not give such notice, he cannot maintain the action.

3. **SAME—Notice Must Be Affirmatively Shown.** A plaintiff cannot maintain an action of forcible entry and detainer, if the three days' notice to leave the premises, prescribed by section 5089, Wilson's Statutes 1903, is not given, and the plaintiff, to obtain judgment in such case, must affirmatively show the service of the notice.

4. **JUDGMENT—Irregularities—Binding Till Set Aside.** Where a court has jurisdiction of the subject-matter of an action and of the parties, and the judgment rendered is not in excess of the jurisdiction and powers of the court, errors and irregularities in the proceedings by which the judgment was obtained will not render the judgment void, but until vacated or set aside in a proper proceeding, it is valid and binding upon the parties.

5. **LAND CONTEST—Appealed to Secretary of the Interior.** The fact that proceedings are instituted by the unsuccessful contestant

in a contest case before the land tribunal, asking the Secretary of the Interior to exercise his supervisory powers and reopen the case, does not preclude the court from taking jurisdiction in an action of forcible entry and detainer instituted by the successful contestant.

(Syllabus by the Court.)

*Error from the Probate Court of Woods County; before Jeff Bower, Trial Judge.*

*J. W. Bell,* and *Moore & Moore,* for plaintiff in error.

*Cowgill & Dunn,* for defendant in error.

Opinion of the court by

BEAUCHAMP. J.: Angie Finger, the defendant in error, on the first day of April. 1902, filed in the probate court of Woods county, a complaint against the plaintiff in error, as follows:

"Angie Finger being duly sworn says that she is plaintiff in the above entitled action and that on the —— day of January, 1902, the above named defendant, Lewis Smith, did peacefully enter on the premises below described and take possession of a portion thereof, and has been since said date and now does, and did on the 28th day of March, 1902, unlawfully and forcibly. detain the following described land and tenements situate in Woods county, Territory of Oklahoma, to wit, lots 6 and 7 and the east 1-2 of the s. w. 1-4 of the same. being the fractional s. w. 1-4 of section 6, in township 24, range 13. in Woods county, Oklahoma, and has ever since the —— day of January, 1902 held and still holds possession thereof by force, and that on the 28th day of March, 1902, plaintiff notified said defendant as required by law to leave said premises which he failed and neglected to do, and still fails and refuses to leave the same, and that she, the said plaintiff, was then and has ever since been and now is entitled to the possession of the said premises."

Thereupon a summons was issued, and on the 12th day of April following, the defendant (plaintiff in error) filed his motion to dismiss the cause, which was by the court overruled, and exceptions saved. Defendant (plaintiff in error) then demurred, for the reason that the complaint did not state facts sufficient to constitute a cause of action, which the court also overruled, to which ruling defendant excepted; and it is shown by the record the defendant elected to stand upon the demurrer, and objected to the introduction of testimony for the reason stated in the demurrer, whereupon plaintiff demanded judgment upon the pleading, which motion the court sustained, and rendered judgment on the pleadings as follows:

"Now on this 12 day of April, 1902, the same being ne of the judicial days of the regular March 1902 term of probate court of Woods county, Oklahoma Territory, the above entitled case coming on for trial, the plaintiff appearing in person and by Cowgill and Dunn, her attorneys, and the defendant appearing in person and by his attorney, A. C. Towne and the cause being called by the court, the defendant filed his motion to dismiss said case, which motion after due consideration was by the court overruled, to which ruling the defendant then and there excepted. Whereupon the defendant filed his demurrer to plaintiff's bill of particulars in the case, which was taken up and discussed by the respective attorneys of the parties, plaintiff and defendant; and after due consideration thereof by the court the same was by the court overruled, and to which ruling the defendant then and there excepted, and the plaintiff insisting upon a trial of the cause, the defendant refused to announce ready or not ready for trial, but announced that he would stand on his demurrer. The plaintiff then demanded judgment on the pleadings, to which entry the defendant objected because the court did not have jurisdiction of the case, and because the bill of par-

ticulars did not state a cause of action, which objection was overruled, and then and there excepted to by the defendant.

"The court being fully advised in the premises hereby sustains the demand of the plaintiff for judgment on the pleadings; and it is therefore considered, ordered and adjudged that the plaintiff Angie Finger ˙ have and recover judgment against the defendant Lewis Smith for the possession of the premises to-wit, lots 6 and 7 and the east 1-2 of the southwest 1-4 of section 6, township 24, range 13, in Woods county, Oklahoma Territory, and that the said plaintiff Angie Finger have restitution of said premises and that she recover her costs taxed at $———.

"Whereupon the defendant gives notice of motion for new trial and filed the same, which motion after due consideration thereof was by the court overruled, to which ruling the defendant then and there duly excepted; whereupon the defendant gave notice of appeal, and asked and was granted twenty days in which to make and serve a case for the supreme court, and the plaintiff five days thereafter to suggest amendments, and the case so made to be settled and signed by the court within five days thereafter.

"Approved by J. J. Hughes, Judge."

Thereafter on the 16th day of June, 1903, the defendant (plaintiff in error) filed a motion to vacate the judgment for the reasons:

"1st. This is a case of forcible entry and detainer for lands, and no trial was had in the court, judgment being rendered on the complaint without evidence; 2nd, that a contest was pending in the United States land office at Alva, Oklahoma, and in the land department of the government of the United States, before the Secretary of the Interior for the same land, between the same parties, for prior settlement, undetermined; 3rd, that the summons was issued, and the judgment rendered without the court having obtained jurisdiction over the subject-matter." and attached thereto an af-

fidavit showing that at the time of the commencement of this action and the trial and the rendition of judgment therein, that there was then pending a contest in the land department by the plaintiff in error against the defendant in error; on the 23rd day of June the same was heard by the court and overruled and the defendant excepted; and afterwards on the same day plaintiff in error filed a motion for new trial for the reasons following:

"Comes now the defendant and moves the court for a new trial in the above entitled case and for reason states:

"First: That the decision is not sustained by any evidence and is contrary to law.

"Second: Error of law occurring at the trial and excepted to at the time by the defendant.

"Third: That the judgment is against the weight of the evidence, is against all the evidence, against the law and for the wrong party.

"Fourth: That error was committed in overruling the motion to vacate the judgment, because the judgment is and was void.

"Fifth: Because it was error to find for the plaintiff in said motion.

"Sixth: Because it was error to find against the defendant in said motion."

On the 24th day of June the same was heard by the court, overruled, and exception allowed plaintiff in error.

Plaintiff in error contends that the judgment shows upon its face to have been granted without any evidence having been offered, introduced or considered by the court; therefore without authority of law and void.

The statute of forcible entry and detainer, is a special provision, complete within itself. The procedure thereunder is specially provided, including the manner and form of com-

mencing the action, the trial, judgment and execution to be issued thereon.   By section 5089, Wilson's Statutes, it is provided that it shall be the duty of the party desiring to commence an action of that character to notify the adverse party to leave the premises, for which action is about to be brought, which notice shall be served at least three days before commencing the action, and provides the manner of service. Section 5090 provides the form and requisites of the complaint.   Section 5092 provides that if the defendant does not appear, the justice shall try the case as though he were present, and section 5094 provides that if the suit be not continued, place of trial changed, or either party demand a jury upon the return day of the summons, the justice shall try the cause; and if, after hearing the evidence, he shall conclude that the complaint is not true, he shall enter judgment against the plaintiff for costs; if he find the complaint true, he shall render a general judgment against the defendant and in favor of the plaintiff for restitution of premises, and costs of suit.   There is no provision of this statute requiring the defendant to file any answer or plea whatever, but upon the day of trial the cause shall proceed upon the complaint of the plaintiff, and the justice shall hear the evidence and determine the cause upon the evidence and the complaint. There is no provision requiring any other pleadings, nor can the justice or court trying the cause properly render a judgment of restitution except after having heard the evidence in support of the allegation of the complaint.   It will also be noticed that by the provisions of section 5089 that no such action can be maintained until there is a written notice to leave the premises, which shall have been served at least three days before the commencement of the action.

Upon the face of the judgment in this case, it is affirmatively shown that no evidence was offered or considered by the court, and that there was no proof that the notice required was given and served. The only mention of a notice is that contained in the complaint itself "that on the 28th day of March, 1902, plaintiff notified the defendant as required by law to leave said premises." The requirements of the statute with reference to notice must be complied with by the plaintiff, and until such notice is given and served as required, the action cannot be maintained by him or any judgment of restitution rightfully rendered. The requirement of the statute that the court shall hear the evidence, and determine the cause from the evidence, is clearly necessary to a judgment of restitution. The judgment shows upon its face that no such requirements were complied with; therefore, clearly irregular.

In the state of Minnesota we find a statute providing for actions of forcible entry and detainer somewhat similar to the provisions of the statutes of this Territory. We also find a statute vesting the municipal courts of that state with jurisdiction in matters upon which jurisdiction is conferred on justices of the peace, which is somewhat similar to the provisions of our statute conferring jurisdiction in such matters in the probate courts. And in the case of *Hennessy v. Pederson*, 11 N. W. 63, the supreme court of that state say, (quoting from the syllabus) :

"In an action in the municipal court of St. Paul, under the chapter on forcible entries and detainers the plaintiff, to entitle himself to judgment of restitution, must prove his case. Such judgment cannot properly be rendered simply upon defendant's default."

In the opinion by Berry, J. it is said:

"* * * The party entitled to possession may make complaint thereof to any justice of the peace of the county, and the justice shall proceed *to hear, try, and determine the same,* in the same manner as in other cases hereinbefore provided for. * * * No provision is made by the chapter for any judgment against the defendant, simply upon his default to appear or answer. On the contrary, the theory of the chapter is, as to our minds clearly appears from the words which we have italicized, that the judgment of restitution must be based upon a *finding,* which in its turn must be based upon *inquiry,* upon a *hearing,* upon a *trial* of the *complaint.* This cannot mean anything less than that the complainant must prove his case, or, in other words, must prove enough of his complaint to make out his right to restitution. To this end he must adduce evidence, and in the absence of it the magistrate has no right to enter judgment for the restitution sought."

"It will be observed that the statute of that state provides that the justice shall proceed to hear, try and determine the same, in the same manner as any other case, while our statute is much stronger than the Minnesota statute, and provides "that the justice shall try the cause; and if after hearing the evidence, he shall conclude that the complaint is true, he shall then render a judgment for restitution."

And again a party desiring to commence an action of unlawful and forcible detainer, before commencing his action, as before stated, is required to give notice required by the statute, and until he has done so, he cannot maintain the action. Before the adoption of the code from the state of Kansas, of which the statute in question is a part, this question was before the supreme court of the state, and in the case of *Nason v. Best,* 18 Kan. 408, it was held (quoting from the syllabus):

"A party desiring to commence an action of forcible entry and detainer should, at least three days before commencing his action, notify the adverse party by a notice in writing, to leave the premises in dispute; and if he does not give such notice he cannot maintain the action."

And subsequently in the case of *Stuller v. Sparks,* 51 Kan. 19, it is held (quoting from the syllabus) :

"A plaintiff cannot maintain an action of forcible entry and detainer, if the three days' notice to leave the premises, prescribed by sec. 161 of the justice's act [sec. 5089, Wilson's Statutes] is not given and the plaintiff, to obtain judgment in such a case, must affirmatively show the service of the notice."

In the opinion by Horton, C. J., it is said :

"As a three days' notice to leave is necessary to maintain the action, the plaintiff or complainant must show upon the trial that such a notice was given, before he can have judgment in his favor.    The complaint alleged that on the 2nd day of May, 1887, plaintiff delivered to the defendant a true copy of the notice attached, marked Exhibit "A".    This exhibit was a notice in due form, dated April 30, 1887, notifying the defendant to leave the premises described in the complaint, in accordance with the provisions of the statute. The record recites that Exhibit "A" attached to plaintiff's complaint being the notice to quit, shown at page 4 of the case was not offered in evidence, and no proof of the service of the same upon the defendant at any time was offered or admitted. *. * * As no service of the notice to quit was shown, and as it was not admitted, the judgment was improperly rendered."

While the judgment of the probate court was improperly rendered and irregular, we cannot agree with counsel for plaintiff in error that it is absolutely void.    The court had jurisdiction of the subject of the action, and of the person

of the defendant, and the judgment is not in excess of the power of the court in such cases; and where a court has jurisdiction of both the subject of the action and of the parties, errors and irregularities in the proceedings will not render the judgment void, but until vacated or set aside in a proper proceeding it is valid and binding upon the parties.

It is shown by the exhibits attached to the motion to set aside and vacate the judgment that a contest proceeding for the land involved in this case was prosecuted through the land department, and the land finally awarded to the defendant in error; a motion for a rehearing overruled, and the contest finally closed prior to the time that this action was commenced, but that plaintiff in error had filed a petition asking the Secretary of the Interior to exercise his supervisory power and reopen the case, which was subsequently and on May 27th, 1902, denied. That a petition had been filed asking the Secretary of the Interior to exercise his supervisory powers and reopen the case did not preclude the court from taking jurisdiction of this case to determine the right to possession by the defendant in error who succeeded in the contest proceedings, is well settled by former decisons of this court. (*Cox et al v. Garrett,* 7 Okla. 384: *Cope v. Braden,* 11 Okla. 295.)

The order of the probate court of Woods county denying the motion of plaintiff in error to vacate and set aside the judgment is affirmed, at cost of plaintiff in error.

All the Justices concurring.