## George W. Best v. William L. Frazier

(Filed February 15, 1906.)

1. **FORCIBLE ENTRY AND DETAINER—Notice.** A notice to quit in an action of forcible entry and detainer should show clearly who claims to be entitled to the possession of the premises and who makes the demand therefor; and then no one but the person who thus claims the premises and makes the demand can maintain the action under such notice.

2. **SAME.** Where it appears that the order of the secretary of the interior finally disposing of a contest between the parties is dated prior to the service of notice in an action of forcible entry and detainer, such notice is not premature, although the fact of such decision is not known to the parties at the time of service thereof.

3. SAME—Delay in Commencement of Action. A delay from the 30th of June to the 27th of July of the same year before instituting an action of forcible entry and detainer, after notice, is not such an unreasonable delay as to prevent the action being based on the notice then served.

4. SAME—Amendment. Where in an action of forcible entry and detainer, the complaint is founded upon a notice which fails at the trial, it is not error to permit the plaintiff to amend his pleadings to conform to the proof, and base his case upon another and sufficient notice served more than three days prior to the commencement of the action.

5. SAME—Contest Pending. Rule laid down in Hebeisen v. Hatchell, 12 Okla., 29, followed and approved.

6. SAME—Findings of Secretary of Interior. A finding by the secretary of the interior that a subsequent contest is not a separate action, but merely a proceeding supplemental to the original case, will, in a collateral action, be adopted and approved by this court.

7. SAME—Statute of Limitations. An action of forcible entry and detainer is not barred by the statute of limitations where brought immediately following the final disposition of a contest between the parties.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*C. W. Ransom,* for plaintiff in error.

*Green & Marlin,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action of forcible entry and detainer, brought by George W. Best against William L. Frazier.

A contest between the parties was on May 9, 1898, terminated adversely to Best. On July 1, 1898, Best instituted further proceedings, charging Frazier with non-compliance with the law as to residence since the former hearing. This action, on appeal was held by a departmental

decision, to be not an independent contest, but a supplemental proceeding in the original action, and was finally closed in Frazier's favor by a decision of the secretary of the interior, dated June 19, 1903.

On June 30, of that year, Frazier gave Best notice to quit, but based his complaint upon a subsequent unsigned notice, dated July 27th.

Upon the trial, however, the unsigned notice being held an insufficient compliance with the requirements of the statute, Frazier, upon application, was permitted over the objections of Best, to amend his petition to conform to the proof, and revert to the notice of the 30th of June for the basis of his action.

The position of plaintiff in error is this: That the unsigned notice, lacking the essential element of certainty as to him making the demand, is for that reason not a sufficient notice upon which to found the suit; and, further, that as the contest was still pending and the possessory rights of the parties yet undetermined, as he asserts, at the time of the prior notice, unlawful detainer would not at that time lie to remove from the tract of land involved, and no such action could be predicated upon a notice so prematurely given.

It is also claimed that the first notice was served so long before the commencement of the action that its aid cannot now be invoked in this case, and that it was, in effect, waived by the attempted service of the notice attached to the complaint below.

Error is also sought to be based upon the refusal of the trial court to hold with the defendant below upon the question of the running of the statute of limitations.

Best v. Frazier

It would seem, from an examination of the two principal contentions of plaintiff in error, that he is urging. propositions entirely inconsistent with each other. He cannot in one breath attack the notice of the 30th of June as premature, and later, asks a reversal of the case for the reason the statute of limitation had run before the notice was served. The first depending as it does upon the proposition that the contest was still pending at the time of the service of the first notice, entirely negatives the second proposition, that the statute of limitations had run since the accrual of the cause of action to plaintiff below. If the plaintiff seriously contends for the proposition that the contest was undetermined at the date of the first notice, he cannot be allowed to say, in support of his second proposition, that the contest was finally disposed of so long before that the statute of limitations had run.

However this may be, and whichever ground plaintiff in error may desire to rely upon in this case, neither contention appeals to us with much force. It may be conceded that the second or unsigned notice was not a sufficient foundation upon which to base the action, as it is lacking in the essential of certainty as to who claimed the premises, and was making the demand therefor. A notice to quit, in an action of forcible entry and detainer, should show clearly who claims to be entitled to the possession of the premises, and who makes the demand therefor, and while this fact need not appear in the body of the notice or demand, it must either appear there or be shown by the signature at the end, and then no one but the person who thus claims the premises and makes the demand can maintain the action under such notice. *Nason v. Best,* 17 Kans., 408.

We cannot, however, see that the second notice is of much, if any, importance in this case. It was proved on the trial, and indeed, the defendant himself admitted when on the witness stand that a written notice, identical with the one unsigned except that it bore the signature of Frazier, the plaintiff below, had been served upon him on the 30th of June, more than three days prior to the commencement of the action; and from an examination of the admitted copy in the record, we cannot see wherein the notice fails. It was in writing; it properly described the premises of which possession was demanded; it is definite as to who was claiming the right to possession; there was no uncertainty as to who intended to bring the action, and it leaves no doubt in the mind of the reader either of the relief sought or by whom it was applied for.

But it is urged, there are two reasons why the action should not be founded upon this prior notice: First, because it was served so long before the commencement of the action that its aid cannot now be invoked therein, that it was waived, in effect, by attempting to serve the notice attached to the complaint below; and second, that even if the action was commenced within a reasonable time after the service of such notice, still it cannot be maintained, because there was a contest still pending between the parties, involving the tract of land in controversy.

It would appear, however, as to the first of these reasons, that a delay from the 30th of June, the date of the service of the first notice, to the 27th of July, when the action was commenced, could not be held such an unreasonable delay as to prevent plaintiff below from basing his action on the

notice then served.   What is a reasonable time after notice
in which to bring an action of this kind depends, of course,
upon the circumstances of the particular case.   This question
has frequently occupied the attention of the courts, and upon
facts similar to those here, has been decided in harmony with
the view herein expressed.   And, taking into consideration
the situation of the parties, the fact of the attempt to serve
the second notice,   that all the facts   were fully   known to
the defendant at the time, and that he was in no wise mis-
led or deceived, we cannot see wherein he was harmed by the
trial court permitting the plaintiff below to amend his plead-
ings to conform to the proof, and revert to the notice of the
30th of June.

As to the second reason, that the action was prematurely
brought inasmuch as a contest between the parties was still
pending and undetermined at the time of the service of the
notice, it may be conceded that the rule is plain and well
settled that unlawful detainer will not lie, so long as the
rights of the parties are in dispute, and a contest undeter-
mined; and this is the disposition clearly indicated by our
courts, and their settled practice in those cases wherein such
matters are involved.   *Hebeisen v. Hatchell,* 12 Okla., 29;
69 Pac., 888.

But that question is not before us, for from the record,
it is apparent that the contest instituted by Best July 1,
1898, was finally terminated in the interior department ad-
versely to him on the 19th of June, 1903; and it is from
and after the date of this order that Frazier was authorized
to serve his notice and proceed with his action, and his right
thereto in no wise depended upon the letter of July 22nd,

from the acting secretary to the officials of the local land office, giving notice of the prior decision of the secretary of the interor, for, as a matter of law, his right to prosecute his action became fixed upon the final disposition of the case on June 19th, upon the refusal of the secretary to proceed further with the contest, and for that reason, the notice served on the 30th, following, cannot be considered as having been prematurely given.

As to the assignment of error that the statute of limitations had run prior to the institution of this action, we are unable to agree with counsel for plaintiff in error in the conclusion he has reached. By a ruling of the interior department, the contest instituted by Best on July 1, 1898, was held to be not a separate action, but merely a proceeding supplemental to the original case. Findings such as these will not be ignored by this court, but on the contrary, in a collateral action will be accepted and approved, where they pertain to such matters as are properly within the province of the secretary of the interior to decide. Frazier's cause of action accrued only at the time the controversy between the parties was finally terminated in the interior department, and this as disclosed by the record was by the order dated June 19, 1903. The notice to quit and the institution of the suit having immediately followed such final disposition of the contest, the plaintiff in error cannot be held to have forfeited his right of action by neglect.

For the reasons given, the judgment of the court below is affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.