SARAH J. HOWE v. MILTON E. PARKER.

(Filed February 13, 1907.)

1. PRACTICE—Error. Where an action is dismissed and afterwards reinstated and a trial thereof had, no error can be predicated upon the alleged error of the court in dismissing the action.

2. CONTEST FINALLY DETERMINED, WHEN. The hearing of a contest before the secretary of the interior upon a motion for review or rehearing, is the final determination of the case and decisive of the rights of the parties and closes the contest, and, after being closed, in a proper case, an action for forcible entry and detainer may be prosecuted by the successful contestant.

3. FORCIBLE ENTRY AND DETAINER—Will Lie, When. Where during the pendency of a contest between two individuals, an order of injunction is procured, enjoining one of the parties from interfering with or entering upon the tract of land embraced in the entry of the other, such injunction will not prevent the successful contestant from maintaining an action of forcible entry and detainer after the contest has been closed.

4. OCCUPYING CLAIMANTS ACT—Unsuccessful Contestant. An unsuccessful contestant who, during the contest, has made improvments upon the land, is not entitled to hold possession until the improvments are appraised and paid for under the occupying claimant's act, and such a defense can not be made in an action for forcible entry and detainer. Cook v. McCord, 13 Okla. 506, cited and adhered to.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

W. F. *Wilson* and H. E. *Elder,* for plaintiff in error.

Tom F. *McMechan,* for defendant in error.

### STATEMENT OF FACTS.

This is an action of forcible entry and detainer, originally commenced before a justice of the peace, to recover possession of the southeast quarter of section twenty-seven, township twelve, range three west, in Oklahoma county. After the trial in the justices court the case was appealed to the district court. There the case was dismissed but again reinstated and tried upon an agreed statement of facts.

From the record it appears that one Henry Howe made homestead entry of the land, and that afterwards one John Burton and one Milton E. Parker filed contests, charging Howe with soonerism. The case was tried before the local land office, appealed to the commissioner, and from there to the secretary, with a final decision in Parker's favor.

Pending the contest, the entryman, Howe, died and the action was thereafter prosecuted against the heirs.

After a motion had been filed for a rehearing and denied by the secretary, Parker made his homestead entry of the land, and thereafter, on the 17th day of November, 1903, this action was commenced.

The judgment of the district court was in favor of the defendant in error, and from that judgment the plaintiff in error appealed to this court.

Opinion of the court by

PANCOAST, J.: The first assignment of error contained in the brief of counsel is that the court erred in dismissing the cause for failure of the plaintiff in error to make a deposit under rule nineteen of the court. Whatever the ac-

tion of the court was in that regard, inasmuch as the court set aside the order of dismissal and reinstated the cause, no error can be predicated thereon.

In discussing the second assignment of error, the plaintiff in error insists that the record nowhere discloses that the decision of the secretary of the land department between the plaintiff in error and the defendant in error is final and that the defendant in error has been awarded the land in controversy and that the defendant in error had not, prior to bringing this suit, made final proof. We think that the plaintiff is in error in this contention, as the agreed statement of facts upon which the case was tried, and the decision of the secretary of the interior denying the motion for rehearing, as contained in the record, fully shows that the case before the department of the interior has been finally terminated and that Parker has placed his entry upon record.

It has been decided by this court that the filing of a motion asking the secretary to exercise supervisory power does not open a contest or preclude the jurisdiction of the territorial court in an action of forcible entry and detainer. *Smith v. Finger,* 15 Okla. 129; *Cope v. Braden,* 11 Okla. 295; *Cox et al. v. Garrett,* 7 Okla. 382.

*Hebeisen v. Hatchell,* 12 Okla. 29, has been cited to uphold the contention of counsel for plaintiff in error, but in that case it is disclosed that prior to the commencement of the action of forcible entry and detainer, a motion had been made before the secretary for the exercise of supervisory power which motion had been sustained and set down for hearing with an order that notice should be given, and this

court held that under such circumstances such action by
the secretary was a re-opening of the contest, and that dur-
ing the pendency of such motion the action of forcible entry
and detainer would not lie. In this case, however, the rec-
ord does not disclose that any motion had even been made,
much less had the secretary sustained such a motion or or-
dered notice given.

It has been generallly recognized by this court, as well
as others, that the hearing in a contest case before the secre-
tary upon a motion for review or rehearing is the final de-
termination of the case and decisive of the rights of the
parties and closes the contest. While it is true that the sec-
retary has the right to exercise a supervisory power, even
after the case is closed, yet until such power is exercised, and
the case re-opened it remains closed and after being closed
the action of forcible entry and detainer may be prosecuted
by the successful contestant.

The third contention is that while in possession of the
land, the plaintiff in error obtained an injunctional order
preventing and prohibiting the defendant in error from in-
terfering with or entering upon the said tract of land, which
injunction is now in full force and effect and has never been
appealed from. The record in this case discloses nothing
of this injunction, except as shown by the agreed statement
of facts which is to the effect that the plaintiff in error pro-
cured an order of injunction, prohibiting the defendant from
interfering with or entering upon the tract of land embraced
in said homestead entry. The order of injunction is not
contained in the record, nor is the date of the order men-

tioned in any way.  Neither is it disclosed whether said order was a temporary order, remaining in force until some particular time or until certain  conditions transpired.  'We must conclude, however, that, inasmuch as the injunctional order was made by the same court that tried the case, by reason of the provisions of the order it has either expired or that it was not such an order as would prevent the plaintiff below from prosecuting this case.

Certainly, we cannot assume that this order, whatever it may have been was such as would prevent the plaintiff from prosecuting any case that he may have had a right to prosecute to recover possession of the land in controversy.

The remaining question contended for in the brief is that the plaintiff's continued residence upon the land for a period of more than seven years prior to the institution of this suit, and that the improvements that she had erected thereon, consisting of a house, stable, orchard and vineyard and the cultivation of the ground, all of the value of from three hundred to one thousand dollars, which were made by her while an occupant in good faith as administratix of her father's estate and as the heir of her father, prevents the plaintiff from maintaining an action to recover the possession of the land until she has been compensated or reimbursed for the improvements so made.

We understand from this contention that plaintiff in error claims that she · is entitled to be reimbursed for the improvements made upon this land under and by virtue of the provisions of the occupying claimant's act.

First we might say that even if such a defense could be made in this kind of an action in any case, the answer of

the plaintiff in error does not set up such a state of facts as would entitle her to recover for improvements under the occupying claimant's act.    But this question has been settled adversely to the plaintiff's contention in the case of *Cook et al v. McCord, et al.,* 13 Okla. 506. There the question is directly passed upon, and it was held that an unsuccessful contestant who during the contest has made improvements is not entitled to hold possession until the improvements are appraised and paid for under the occupying claimant's act.

There being no error disclosed in the record, the judgment of the district court is affirmed.

Burwell, J., who presided in the court below, not sitting; Burford, C. J., not sitting; all the other Justices concurring.