## BULLOCK v. PEEK.

No. 8357—Opinion Filed Nov. 6, 1917

(168 Pac. 797.)

### Forcible Entry and Detainer — Allegations and Proof—Statute.

Under the provisions of the forcible entry and detainer act, the complainant must prove the allegations of his complaint whether the defendant appears and defends or not. And this rule applies in cases brought under this act where they are tried on appeal de novo, and it is error for the court to render judgment without requiring the complainant to make the proof required by the statute.

(Syllabus by Pryor, C.)

Error from District Court, Ellis County; T. P. Clay, Judge.

Forcible entry and detainer action by H. V. Peek against J. C. Bullock. From a default judgment in the district court, on a trial de novo on appeal from a judgment for plaintiff entered in justice court, defendant brings error. Reversed.

C. B. Leedy, for plaintiff in error.

A. E. Williams, for defendant in error.

Opinion by PRYOR, C. This is a forcible entry and detainer action commenced in the justice court of Ellis county, where judgment was rendered in favor of the defendant in error, H. V. Peek, and against the plaintiff in error, J. C. Bullock. From this judgment the plaintiff in error, J. C. Bullock, appealed to the district court, where, on the 13th day of May, 1916, the cause came on for trial de novo, and the court rendered a default judgment against the plaintiff in error and in favor of the defendant in error without requiring the plaintiff to prove the allegations of his complaint, from which judgment the plaintiff in error prosecutes his appeal to this court.

The plaintiff in error contends that the trial court erred in rendering a default judgment without requiring the plaintiff to prove the allegations of his complaint. Section 5510, Revised Laws of 1910, the same being a section of the forcible entry and detainer act, provides:

"If the defendant does not appear in accordance with the requisitions of the summons, and it shall have been properly served, the justice shall try the cause as though he was present."

The provisions of this section are mandatory, and it is error for the district court on appeal, where the cause is tried de novo,

in a forcible entry and detainer action, to render a judgment of default without requiring the plaintiff to prove the allegations of his complaint. Smith v. Finger, 15 Okla. 120, 79 Pac. 759.

Therefore the judgment of the trial court should be reversed.

By the Court: It is so ordered.