## STEPHENS v. SHELDON.

No. 13006—Opinion Filed Dec. 16, 1924.

Rehearing Denied March 31, 1925.

**Forcible Entry and Detainer—Proof of Allegations—Necessity.**

Under the forcible entry and detainer act the complainant must prove the allegations of his complaint, whether the defendant appears and defends or not, and this applies in cases brought under this act where they are tried on appeal de novo, and it is error for the court to render judgment without requiring the complainant to make the proof required by the statute.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Payne County; Raymond H. Moore, Judge.

Action by Elizabeth Sheldon against Clarence Stephens for unlawful detainer. Judgment for plaintiff by default, and defendant appeals. Reversed and remanded.

P. D. Mitchell, for plaintiff in error.

Frank Taylor, for defendant in error.

·Opinion by RUTH, C. This is an action for unlawful detainer filed by the defendant in error against the plaintiff in error in the justice of the peace court at Cushing, in Payne county, and thence appealed to the county court of Payne county, and for convenience, the parties hereto will be designated as they appeared in the court below. After the appeal was lodged in the county court, the cause was set for hearing at Cushing. that being a court town, the county seat being at Stillwater, Payne county. The cause was regularly assigned for trial on August 1, 1921, being Monday, and judgment was rendered against the defendant by default in the forenoon of said day and date. On the same day the defendant filed his motion to set aside the default judgment and also filed his motion for a new trial. On August 11th, the plaintiff filed her motion to strike the defendant's motion for a new trial from the files. On August 19th. the motion to strike the defendant's motion for a new trial from the files was presented, and was by the court sustained, and the defendant excepted.

The defendant's motion to vacate the default judgment was then presented and was by the court overruled, to which action of the court the defendant duly excepted, and gave notice of his intention to appeal, and this cause is brought here regularly for review on case-made and petition in error.

The defendant presents several assignments of error, but it will be necessary to consider only the fifth, to wit:

"That said judgment was rendered in the absence of the defendant and his counsel; that said action is one for alleged unlawful detainer, and said judgment is for the restitution of possession of premises to plaintiff, and no witnesses were sworn or evidence of any kind offered by plaintiff to prove the allegations of her complaint, and there is absolutely no evidence in the record to support the judgment of the court."

The journal entry of judgment discloses that judgment in this cause was rendered by default. The certificate of the attorneys for both plaintiff and defendant states that the case-made contains a full, true and correct and complete transcript of all the proceedings in the cause, including all pleadings filed and proceedings had, and all orders and rulings made and exceptions allowed, and all of the records upon which the judgment and journal entry in said cause were made and entered.

An examination of the record discloses that no evidence was introduced to prove the allegations of the complaint, and the judgment was rendered by default.

In Bullock v. Peek, 66 Okla. 240, 168 Pac. 797, this court held:

"Under the provisions of the forcible entry and detainer act, the complainant must prove the allegations of his complaint, whether the defendant appears and defends or not. And this rule applies in cases brought under this act, where they are tried on appeal de novo, and it is error for the court to render judgment without requiring the complaint to make the proof required by the statute."

In Smith v. Finger, 15 Okla. 120, 79 Okla. 759, the court says:

"The requirement of the statute that the court shall hear the evidence, and determine the cause from the evidence, is clearly necessary to a judgment of restitution. The judgment shows upon its face that no such requirements were complied with, therefore, it is clearly irregular."

The provisions of the statute as construed by this court in the foregoing cases, not having been complied with, the judgment is clearly erroneous, and should be reversed and remanded, with instructions to the trial court to grant the defendant a new trial.

By the Court: It is so ordered.

. Note:—See under (1) 26 C. J. §§ 148, 163 (1926 Anno).