Linda **CLARK**, Appellant,

v.

John **BERKEY** d/b/a "Berkey and Associates d/b/a El Dorado Apartments," Berkey & Associates, Inc., an Oklahoma Corporation, El Dorado Associates, Ltd., an Oklahoma limited partnership, Malcom W. Hall and Ronald Taylor, Appellees.

No. 53783.

Court of Appeals of Oklahoma,
Division No. 2.

Aug. 25, 1981.

Released for Publication by Order of Court of Appeals Sept. 25, 1981.

Bryce A. Baggett, Oklahoma City, for appellant.

Michael L. Darrah, Procter, Fleming & Speck, Oklahoma City, for appellees.

BOYDSTON, Judge.

Tenant sued apartment management firm, its manager (Landlord) and his attorney, Malcom Hall, claiming they wrongfully evicted her under a void forcible entry and detainer judgment. No attempt was made by Tenant to set aside the prior judgment. Trial court sustained a demurrer and a special demurrer to Tenant's petition and she appeals.

Tenant lists three propositions of error, all of which arise from the central, dispositive issue of whether the prior forcible entry and detainer judgment is void on its face and therefore subject to collateral attack. In this case, although there are numerous irregularities in the record of the prior judgment, none are sufficient to render it void. Therefore, we hold Tenant must proceed to directly attack the judgment under 12 O.S.1971 § 1031 *et seq.* as a predicate to bringing this action.

Tenant claims the prior judgment is void because Landlord and his attorney violated the provisions of the Forcible Entry and Detainer Act, 12 O.S.1978 Supp. § 1148.1 *et seq.*, in the following ways:

(1) Section 1148.15 requires the action "[b]e commenced by filing an affidavit . . . ." but Landlord's attorney failed to have his signature notarized.

(2) Section 1148.4 sets time for trial as "[n]ot less than five (5) days nor more than ten (10) days from date that the summons is issued . . . ." but Landlord gave Tenant 14 days before trial.

(3) Section 1148.4 provides "The summons shall be issued and returned as in other cases . . . ." but the private process server's return is not verified as required by 12 O.S.1972 Supp. § 158.

(4) Section 1148.5 provides "The Summons . . . return day shall *not* be later than the day of trial . . . ." but return was filed two days after trial date.

(5) Section 1148.5 provides service shall be "[a]t least three (3) days before trial . . . ." but Tenant claims she was actually served the day before trial.

 The first four defects are patent record irregularities, none of which justify

finding the judgment to be void. Each is the type which, if brought to the attention of the court, in all probability would have required plaintiff to amend the petition, postpone trial date, or otherwise correct the pleadings.

The supreme court has specifically held failure to verify a divorce petition is not jurisdictional and does not cause a judgment to be void. *Green v. James*, 147 Okl. 273, 296 P. 743 (1931). The failure of attorney Hall and the process server to verify the petition and return requires simple instanter amendment to the documents; likewise, had Tenant objected to the hearing before the summons was returned, it would have caused nothing more than a delay. *Selected Investments Corp. v. Bell*, 201 Okl. 408, 206 P.2d 989 (1949); *County Excise Board of Creek County v. Gulf Pipeline Co. of Oklahoma*, 156 Okl. 103, 9 P.2d 460 (1932); *Best v. Frazer*, 16 Okl. 523, 85 P. 1119 (1906).

Tenant has not offered, nor can we imagine, any prejudice caused by enlargement of response time. We find Landlord's failure to set hearing "[n]ot more than ten (10) days..." after summons issues, to be an upper time limit provision specifically for the benefit of Landlord, to whom, we believe, the legislature intended to grant rapid determination of disputes such as this.

■ Only the fifth alleged violation does not appear on the face of the record but if it did it would not deprive the trial court of jurisdiction so as to void the judgment. *Burns v. Pittsburg Mortg. Inv. Co.*, 105 Okl. 150, 231 P. 887 (1925). Tenant admits she was served with notice of the hearing but complains that it was too short. Title 12 O.S.1971 § 1031 *et seq.* provides the proper method by which Tenant may have her day in court regarding this issue.

We do not, by this holding, intend to approve the incredibly loose procedures employed by Landlord. Indeed, the number of irregularities alone may be sufficient to set aside the judgment at a proper hearing, particularly if the process server is proven to have lied about the date Tenant was served. The totality of the irregularities seem to suggest a casual disregard for minimum statutory requirements of due process, which offends both the letter and spirit of the law, not to mention our common understanding of fair play.

Judgment sustaining demurrer affirmed. Costs taxed against appellant.

BACON, P. J., concurs.

BRIGHTMIRE, J., concurs in result.