GARDNER v. KIME

No. 1625, Okla. T.    Opinion Filed April 14, 1908.

(95 Pac. 242.)

1.  **FORCIBLE ENTRY AND DETAINER—Notice to Quit.**  A plaintiff cannot maintain an action of forcible entry and ·detainer if the three days' notice to leave the premises, prescribed by section 5089, Wilson's Rev. & Ann. St. 1903, of Oklahoma, is not given, and the plaintiff, to obtain judgment in such a case, must affirmatively show the service of the notice.

2.  **APPEAL—Case-Made—Conclusiveness.**  A mere inference arising from the record in this case that there might have been other evidence introduced at the trial than that preserved in the case-made will not outweigh the positive statement of the trial judge that it was all the evidence in the case.

(Syllabus by the Court.)

*Error from District Court, Noble County; before Bayard T. Hainer, Judge.*

Action by Isaac Kime against Marion Gardner. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

*P. W. Cress and C. W. Ransom,* for plaintiff in error.
*Green & Martin,* for defendant in error.

KANE, J. This was an action in forcible entry and detainer brought by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover possession of certain real estate situated in the county of Noble, territory of Oklahoma. It appears from the record that after all the evidence was introduced counsel for the respective parties each moved the court to instruct the jury to return a verdict in favor of their client, whereupon the court said:

"I suppose the jury may be excused from further consideration of the case. Both parties move for judgment, and that takes the case from the jury."

To this statement there was no objection from counsel for either side, and the court then excused the jury from further consideration of the case; neither counsel for the plaintiff in error nor counsel for the defendant in error making any objection.

Counsel for plaintiff in error insists that, under this state of the record, it was error for the court to take the case from the jury, and cites *Black v. Jackson*, 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801, in support of this contention. The plaintiff in error was entitled to have his case submitted to the jury unless his conduct, as above disclosed by the record, amounts to a waiver of this right. We do not want to be understood as holding that a mere request by both parties for a peremptory instruction amounts to a waiver of the right to have the jury return a verdict; but this case discloses other circumstances which, taken with the requests by both parties for a peremptory instruction, do amount to a waiver. Where both parties to a cause ask the court for a peremptory instruction to the jury to return a verdict in their favor, and the court thereupon states that such request takes the case from the jury, and no objection is made to this statement by the parties, and thereupon the court excuses the jury from further consideration of the case without objection or exception, such conduct waived the right to have a verdict re-

turned by the jury, and it was the duty of the court to render judgment as though no jury had been impaneled and sworn.

The only question, therefore, for this court to determine, is which one of the parties judgment should have been rendered for. From an examination of the record we find it contains no evidence whatever that the notice to quit was served on the defendant three days before the commencement of the action. This notice is an absolute requirement of the law governing cases of forcible entry and detainer, and the burden of proving such notice was on the plaintiff. A plaintiff cannot maintain an action of forcible entry and detainer if the three days' notice to leave the premises, prescribed by section 5089, Wilson's Rev. & Ann. St. 1903, of Oklahoma, is not given, and the plaintiff, to obtain judgment in such a case, must affirmatively show the service of the notice. *Stuller v. Sparks*, 51 Kan. 19, 31 Pac. 301. As there was no evidence in the record showing that the notice was given, it follows that the court below should have sustained defendant's motion and rendered judgment in his favor.

We are not unmindful of the authorities cited by the defendant in error (to avoid the force of the rule above laid down) to the effect that, when the case-made contains a statement that all of the evidence introduced upon the trial is contained therein, but the record itself shows upon its face that it does not, the record is the best evidence and will prevail over such statement. These authorities are not in point here. A paper which was presumably the return of the officer to the notice to quit was identified and offered in evidence, but it does not appear in the record. This would probably be sufficient to raise an inference that it was introduced, but such inference will not prevail over the positive statement in the record that it contains all the evidence.

"A mere inference arising from the record in this case that there might have been other evidence introduced at the trial than that preserved in the case-made will not outweigh the positive statement of the trial judge that it was all the evidence in the case." (*McCormick v. Holmes*, 41 Kan. 265, 21 Pac. 108.)

It is therefore ordered that the judgment of the court below be reversed, and that judgment be rendered in favor of the plaintiff in error, defendant below.

All the Justices concur.