JOHN I. COLLINS, PROSECUTOR, v. EDGAR T. WHEATON.

Submitted December 4, 1913—Decided February 24, 1914.

1. District Courts have no jurisdiction to try cases of forcible entry and detainer without a jury. The statute requires the clerk to issue a precept for a jury whenever the proper complaint is filed without application by either party.

2. The statute requires that a notice, in the form of a summons, be served on the defendant five days before the return day in forcible detainer cases, the form being prescribed by statute, which declares that without the service of such notice no jury can be sworn to try such cases. The notice given was an ordinary summons in tort, and upon objection that the notice was not that required by the statute, the court amended it to conform with the notice required by the statute. *Held*, that such amendment was not proper and would not confer jurisdiction, proper statutory notice being one of the requisites of the court's jurisdiction.

On *certiorari.*

Before Justices SWAYZE and BERGEN.

For the prosecutor, *George M. Titus.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

BERGEN, J. This writ was allowed to review a judgment entered in the Elizabeth District Court in an action for forcible entry and detainer, but there is no finding of facts, and nothing is before us except the record of the judicial proceeding, and unless some error appears therein, the writ should be dismissed.

The brief filed by the prosecutor deals with some matters not properly before us. All that appears from the record is that the defendant appeared in answer to a summons in tort, which, against his protest, was amended to one for unlawful detainer. He then objected to proceeding because no jury had been summoned, which was overruled by the court, and the trial was then proceeded with before the court without a jury, the court reserving to the defendant the benefit of his two objections, viz., the form of the summons and the want of jurisdiction of the court to try the cause without a jury. The jurisdiction given to District Courts in forcible entry and detainer cases is to be found in 2 *Comp. Stat., p.* 1984, §§ 95, 106, inclusive, and section 100 provides that when a complaint is made to the judge of any District Court by the party grieved, and such complaint be made in writing and filed with the clerk of the District Court, "it shall be the duty of such clerk to issue a precept" to any constable of the county wherein such court may be established, or to the sergeant-at-arms of said court, commanding him to summon a jury of twelve men to try the cause. The clerk is also required to issue a summons in the form set out in the statute. Section 102 requires that the "said summons"—that is, the one described in the act, shall be served five entire days and "no jury shall, by virtue

of this act, be sworn to inquire of and try any forcible entry and detainer or forcible or unlawful detainer, where such previous notice shall not have been given as aforesaid."

We are of opinion that under this statute the District Court cannot try such a cause without a jury summoned and sworn, and as no jury can be sworn without the defendant is served with the statutory notice, it cannot acquire jurisdiction by amending what was not the required notice, but an ordinary summons in tort, to conform with the required form, because the defendant has not had the five days' statutory notice. This proceeding is statutory and must be strictly followed.

The defendant in *certiorari* argues that, under section 149 of the District Court act, unless a jury be demanded and notice thereof given to the clerk at least two days before the time fixed for trial, the court has the authority to try the case without a jury, but section 149 does not apply to the trial of cases of unlawful detainer. The statute regarding such trials is clear and explicit and requires the clerk to issue his precept in all such cases, while section 149 applies only to cases where there is a debt or demand, when there shall be a jury, if demanded, of six men, and no more, if the debt does not exceed $50, or a jury of twelve men if the debt exceeds the sum of $50. The trial of a cause involving unlawful detainer is not a debt or demand, and in such case the jury must always consist of twelve. The character of the issues are very distinct, and where the legislature has provided that in a certain class of cases there shall be a jury of twelve men, and in other cases of possibly six, the law should be so read as to give full effect to the legislative intent, if possible, and in this case that is possible.

It is argued in this case that the defendant should have called a jury and that he could easily have obtained from the record that the defendant was not proposing to have a jury, but that is not correct, because the summons, which was served upon him, was not one in detainer, and if it be possible in such case to charge him with knowledge of the character of the action, he had a right to rely upon the legal duty of the clerk to issue the jury precept. The defendant also argues that by

proceeding to trial the defendant waived his objection. This, we think, is not so. The defendant made the objection and the record shows that his rights were expressly reserved, and therefore it cannot be said that by trying the issue which the court had unlawfully forced upon him, he waived the right to a jury, and thereby conferred upon the court a jurisdiction it did not possess. A person may waive his right to a jury and consent to a trial before a court having jurisdiction, but he cannot by waiver confer jurisdiction on a court which it does not possess.

The entire proceedings must be set aside, with costs.