**HOWARD et al. v. DAVIS.**

No. 7136—Opinion Filed Oct. 17, 1916.

Rehearing Denied Nov. 13, 1917.

(168 Pac. 429.)

1. **Forcible Entry and Detainer—Jurisdiction—Notice to Quit.**

Under the forcible entry and detainer act, the service of the statutory three days' notice to quit is a jurisdictional fact, which must be proven at the trial; and proof that such notice was served before the beginning of the suit, without any proof that the notice was served at least three days before the commencement of the action, is not sufficient.

2. **Forcible Entry and Detainer—Jurisdiction—Compliance with Statute.**

While a substantial compliance with the forcible entry and detainer act is all that is required, there must be such substantial compliance with each of the jurisdictional requirements of the statute.

3. **Appeal and Error—Change of Position on Appeal—Evidence.**

Record examined, and held, that plaintiff in error has not changed his position in this court.

(Syllabus by Johnson, C.)

Error from County Court, Love County; J. H. Hays, Judge.

Action by Annis Davis against Ben Howard and Hardy Grant. Judgment for plaintiff, and defendants bring error. Reversed and remanded for a new trial.

J. C. Graham, for plaintiffs in error.

William Pfeiffer, for defendant in error.

Opinion by JOHNSON, C. This was an action of forcible entry and detainer, brought by Annis Davis, defendant in error, as plaintiff, against Hardy Grant and Ben Howard, plaintiffs in error, as defendants, in the justice court of Love county, to recover possession of 40 acres of land described in the pleadings. Defendants recovered judgment in the justice court, and an appeal was taken to the county court of Love county. The case has been tried twice in the county court. At the first trial the judgment was for defendants. The county court granted a new trial, the case was brought to this court, where the order of the county court granting the new trial was affirmed (Howard v. Davis, 40 Okla. 86, 136 Pac. 401), and a second trial was had in the county court upon August 14, 1914. In the last trial, judgment was rendered in favor of plaintiff, and defendants bring error.

This is an action involving a forcible entry, and not an unlawful, but peaceful, entry. Plaintiffs in error contend that at the trial of the case in the county court there was no proof of the service of the statutory three days' notice to quit, and that the service of this notice in the manner and time provided by law is a jurisdictional fact.

The section of the forcible entry and detainer act involved in a consideration of this question, section 5507 of the Revised Laws of Oklahoma of 1910, reads as follows, viz.:

"It shall be the duty of the party desiring to commence an action under this article, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found; such notice may also be served by leaving a copy thereof with some person over twelve years of age, on the premises described in the notice."

This court has held that the service of the notice required by this section of the statute, for the period of time mentioned in the act, is a jurisdictional fact, which must be pleaded and proven at the trial. Gardner v. Kime, 20 Okla. 784, 95 Pac. 242; Smith v. Finger, 15 Okla. 120, 79 Pac. 759. In the case of Gardner v. Kime, supra, this court said:

"From an examination of the record we find it contains no evidence whatever that the notice to quit was served on the defendant three days before the commencement of the action. This notice is an absolute requirement of the law governing cases of forcible entry and detainer, and the burden of proving such notice was on the plaintiff. A plaintiff cannot maintain an action of forcible entry and detainer if the three days' notice to leave the premises, prescribed by section 5089, Wilson's Rev. & Ann. St. 1903 of Oklahoma, is not given, and the plaintiff, to obtain judgment in such a case, must affirmatively show the service of the notice."

At the trial of this case in the county court the only evidence as to the service of the notice was that of one Frank Wilson, a witness for plaintiff. This witness testified that before the bringing of the suit he served a notice upon the defendants to quit the premises in question, by leaving a copy of the notice with the wife of one of the defendants. When asked about the service upon the other defendant, he testified that he did not remember where or with whom he had left the notice. The notice was introduced in evidence, and admitted over the objection of the defendants. The witness did not identify the notice as the one he had served. However, the witness could not read, and the court sustained an objection by the attorney for defendants to the reading of the notice to the witness for the purpose of the identification. As there is some evidence in the record tending to identify the notice, and as counsel for defendants, by their own objection to the reading of the notice to the witness, who could not read, cut witness off from his only method of identifying the notice, plaintiff in error is not in position here to object to the identification. However, the witness simply testified that he made such service of the notice as was made by him **before the bringing of the suit**, without stating when, or how long before the commencement of the action, the notice was so served. There is absolutely no evidence in the record that the notice was served three days, or any other definite time, before the beginning of the action.

Defendant in error contends (1) that a substantial compliance with the statute is all that is required; and (2) that plaintiffs in error have not raised this question be-

fore during the long course of this litigation, and should not be heard to raise it here. At the trial below, plaintiffs in error objected to the introduction of the notice, and excepted to the ruling of the court. They raised this question in the motion for a new trial in the lower court, and have assigned it in their petition in error and brief. So far as this record goes, plaintiffs in error have presented the objection to the notice at each opportunity they have had. This appeal is founded upon the last trial, and in that trial proof of the timely service of the notice was wholly wanting. While this court has held that a substantial compliance with the statute in the matter of this notice is all that is required, we cannot hold that failure to serve the statutory notice to quit three days before suit is a substantial compliance. Proof that the notice was served before the bringing of the suit is not any proof that the notice was served three days before the bringing of the suit. The forcible entry proceeding is a special statutory proceeding, and the judgment must have as its basis proof of substantial compliance with each of the statutory jurisdictional provisions, and one of the elements is wholly lacking in this case.

Other questions are raised on the appeal, but it is not necessary to consider them. The former decision of this court in this case is the law of the case, in so far as the same is applicable. It is a matter of regret that this protracted litigation cannot end here; but the judgment of the lower court must be reversed, if we accord to plaintiffs in error their legal rights.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.