MESERVY, Petitioner, v. STONER, Justice of Peace, Defendant.

(208 N. W. 781.)

(File No. 6208.   Opinion filed May 5, 1926.)

1. **Forcible Entry and Detainer—Time—Notice to Quit Premises, in Forcible Entry and Detainer Proceedings, Served on the 15th, Held Not to Confer Jurisdiction to Issue Summons on the 18th (Rev. Code 1919, Secs. 2172, 19665).**

     Notice to quit premises, served on defendant in forcible entry and detainer proceedings on the 15th, held not to confer jurisdiction to issue summons on the 18th, in view of Rev. Code 1919, Sec. 2172, requiring three days' written notice to quit before institution of proceedings, and section 10665, excluding first day, and including last, in computing time in which any act provided by law is to be done.

2. **Forcible Entry and Detainer—Notice to Quit—Statute Relating to Notice in Forcible Entry and Detainer Proceedings Requires Three Days' Notice to Be Given Before Summons Can Be Issued (Rev. Code 1919, Sec. 2172).**

     Rev. Code 1919, Sec. 2172, requiring three days' written notice to quit be given parties in possession before instituting proceedings in forcible entry and detainer, means that three days' notice must be given before summons can be issued.

3. **Forcible Entry and Detainer—Statute Requiring Three Days' Written Notice in Forcible Entry and Detainer Proceedings Makes Service of Notice Jurisdictional (Rev. Code 1919, Sec. 2172).**

     Rev. Code 1919, Sec. 2172, requiring three days' written notice to quit to be given to parties in possession before institutions of forcible entry and detainer proceedings, makes service of notice jurisdictional.

4. **Forcible Entry and Detainer.**

     In special statutory proceedings, such as forcible entry and detainer, substantial compliance with the statute is a jurisdictional requirement.

Note.—See, Headnotes **(1)**, **(2)** and **(3)**, American Key-Numbered Digest, Forcible entry and detainer, Key-No. 11(3), 26 C. J. Sec. 89; **(4)** Forcible entry and detainer, Key-No. 6(1), 26 C. J. Sec. 92 (Anno.).

On Sec. 2171, Rev. Code 1919, see annotations Kerr's Cyc. Code, Civ. Proc., Sec. 1161.

Petition for writ of prohibition by George O. Meservy against George Stoner, Justice of the Peace of Hyde County. Writ granted.

*George Arbour, Jr.,* and *Frank S. Tait,* both of Gettysburg, for Petitioner.

*M. Harry O'Brien, of Highmore,* for Defendant.

MORIARTY, C. This is an original proceeding, brought in this court, to secure a write of prohibition prohibiting and restraining the defendant, as justice of the peace in and for Hyde county, S. D., from executing a certain judgment against the petitioner herein.

The facts affecting the right of petitioner are undisputed. Petitioner is in possession of a certain tract of land in Hyde County. Defendant claims to be entitled to the possession of said land by virtue of a sheriff's deed on foreclosure. Petitioner claims the right to remain in possession, alleging that the foreclosure is void.

After the issuance of the sheriff's deed, and while petitioner was retaining possession acquired prior to the issuance of said deed, defendant caused to be served upon petitioner a notice to quit.

This notice was served on the 15th day of February, 1926, and on the 18th day of said month a summons in forcible entry and detainer was issued by defendant out of his court as justice of the peace, and was served upon the petitioner. It is admitted that the relief named in said summons was to dispossess petitioner from the land in controversy, and that it was issued pursuant to the above-mentioned notice to quit.

On the return day of said summons petitioner made no appearance, and defendant entered a judgment ousting petitioner from the land in controversy. Petitioner contends that defendant had no jurisdiction to enter such judgment, and asks that defendant be prohibited and restrained from proceeding with the enforcement thereof.

[1, 2]   The only question raised before this court is whether the service on February 15th of the notice to quite gave defendant jurisdiction to issue the summons on February 18th.

Section 2172, R. C., reads as follows:

"Notice to quit required. In all cases arising under subdivisions 4, 5, and 6 of the preceding section three days written notice to quit must be given to the lessee, subtenant or party in possession, before proceedings can be instituted, and may be served and returned in like manner as a summons is served and returned."

[3, 4]   The instituting of proceedings mentioned in the statute evidently refers to the commencement of an action in forcible entry and detainer, and this action, like all other actions in this state, is begun by the issuance of a summons. The statute means that the three days' notice must be given before the summons can be issued. This statute makes the service of the notice jurisdictional. In special statutory proceedings of this class substantial compliance with the statute is a jurisdictional requirement. Rowenhorst v. Johnson (S. D.), 204 N. W. 173; Howard v. Davis, 168 P. 429, 66 Okl. 260; Gardner v. Kime, 95 P. 242, 30 Okl. 784; Stuller v. Sparks, 31 P. 301, 51 Kan. 19; Collins v. Wheaton, 89 A. 1004, 85 N. J. Law, 508; Fritch & Himes v. Reynolds, 176 N. W. 297, 189 Iowa, 16.

As service of the notice to quit is jurisdictional, the question remains whether service of such notice on the 15th day of the month is such compliance with the statute as to confer jurisdiction to issue a summons on the 18th.

Section 10665, R. C., provides:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday and then it also is excluded."

In the instant case, where the service of a written notice is required to be made three days before instituting proceedings, how shall this rule be applied? We are satisfied that it is the intent of the law requiring this notice to be given that the party in possession shall have three full days within which to surrender such possession, and that, in case he does surrender possession within that time, no right to pursue the remedy sought in this action accrues against him.

In other words, this rule of computing time should be applied to the time within which possession must be surrendered, and, so applied, the defendant in the instant case had all day of the 18th within which to remove from the land. Notice served on the 15th did not confer jurisdiction to issue a summons in forcible entry and detainer on the 18th.

The writ applied for should be granted.

CAMPBELL, J., concurs in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.