CAPP HOMES, INC., Respondent v. FERGUSON et ux, Appellants

(191 N.W.2d 171)

(File No. 10902. Opinion filed October 26, 1971)

Order denying petition for rehearing 12-6-71

**Dallas Brost,** Presho, for plaintiff and respondent.

**William E. Benjamin,** Rosebud, for defendants and appellants.

BIEGELMEIER, Presiding Judge.

This started out to be a simple common statutory action to recover possession of real property, or as our statutes term it — unlawful detainer thereof. SDCL 21-16. Prior to the South Dakota Code of 1939 the 1919 Code provisions declared only justices' courts by §§ 2129(7) and 2170 and municipal courts by § 2122(6) had original jurisdiction. It was expressly denied circuit courts by § 2114 and county courts by. § 2119. If the title to, or boundary of, the real property came in question in justice court, the case was required to be certified to the circuit court, §§ 2174 and 2135.

The 1939 Code expanded the jurisdiction to all four courts (SDC 37.3901) and retained the certification to circuit court from justice court, but permitted the title and boundary to be questioned and determined in municipal court, SDC 37.3905. These

statutes of a rather summary nature are now found in SDCL 21-16 with the procedure, except as otherwise provided, the same as in the court where the action is pending.

A notice to quit directed to both James S. Ferguson and Celia P. Ferguson was served on defendant James S. Ferguson personally on May 22, 1970. It notified them to quit the premises involved and surrender possession upon service of the notice.

A summons and verified complaint, titled in circuit court naming both Fergusons as defendants, were served on James S. Ferguson personally on July 14, 1970. The summons required an answer to be served on plaintiff's attorney within four days after service, excluding the day of service. See SDCL 21-16-7 and SDCL 15-6-6(a).

A notice of motion to take default judgment signed by plaintiff's attorney, titled as the summons, notified defendants plaintiff would move the court at its courtroom on July 24, 1970, at 10 a. m. for a default judgment. An affidavit shows copies of the notice were mailed to defendants and William J. Janklow on July 22nd[1] at addresses stated. On July 24, 1970, the summons and complaint were served on defendant Celia P. Ferguson.

A transcript of proceedings shows that on July 28, 1970, at 10 a. m. there appeared at the courtroom designated in the notice of motion before a circuit judge, plaintiff's attorney and two attorneys, including Mr. Janklow, for "the defendant". The court announced the action previously scheduled for July 24th and continued to July 28th (there is no record of how this was done) "may now be brought on for hearing." The transcript continues:

> THE COURT: " * * * do you have any written answer, Mr. Janklow?

---

1. SDCL 15-6-6(d) requires five days' notice of hearing of a motion.

MR. JANKLOW: "I DO NOT HAVE * * * I was under the impression that there would be a hearing * * * today and it was to be treated as effectively denied.

THE COURT: "Very well."

Plaintiff's attorney stated after service of the notice to quit he had conversations with counsel for "defendant" relative to the proceedings and moved for judgment without offering any evidence. The court announced in order that the matter be heard on the merits it would permit defendants in lieu of answer to offer evidence in support of their position. Counsel Janklow then made a long statement that "defendant" felt there was negotiation with plaintiff, with times or persons not stated; that if "defendant" came up with a minimum of $3,000 plaintiff would be willing to forego any action to remove them; that "defendant" raised this amount which plaintiff said was insufficient. He then testified as a witness for "defendant" as to conversations with plaintiff's attorney who foreclosed the mortgage and his present attorney, and that he talked over the telephone to someone at plaintiff's place of business whose position or authority was not disclosed; that in his conversations with plaintiff's present attorney the figure discussed was from three to five thousand dollars, but no exact figure was set. Plaintiff's verified complaint alleges a sheriff's deed on a mortgage foreclosure was issued to it on May 21, 1970. Defendant James S. Ferguson testified he raised the $3,000 on July 10, 1970. There was no evidence it was ever tendered to plaintiff. Much of the evidence of both witnesses was hearsay[2] or inadmissible for other reasons though no objections were made. After some discussion and argument the trial judge dictated findings of fact as part of the record in the transcript and entered a judgment allowing plaintiff recovery of possession of the real estate.

---

2. Excerpts of one of defendants' attorney's statement and evidence are: "I did have a conversation with Capp Homes", "I contacted the Capp Home people and talked to a fellow, I believe his name was Birdsall"; "I believe this was immediately before the equity redemption had run"; "I notice now this was * * * July 10th."

From the record noted it appears counsel have not been mindful of or complied with procedural statutes or rules of court. This included the service of notices, process and the time required to elapse before proceeding, the failure to serve or file a written answer[3] or a counterclaim in equity on defendants' claimed facts if such a defense may be raised;[4] the receipt of evidence without a pleading by a party to determine what, if any, issues are involved or what parties did appear in the action. The last item is important here as it does not clearly show Celia P. Ferguson made an appearance. There were no proposed findings of fact and conclusions of law, and rules relative to entry thereof were ignored. Such failures make it difficult to have a foundation for assignments of error or properly present the claimed error here. There is doubt the assignments do so.

■■ Nevertheless, to try to separate the wheat from the chaff and giving some consideration to the arguments made in the briefs, it appears the court's decisive findings that there was no written agreement to extend the period of redemption nor facts sufficient to constitute a waiver or to estop plaintiff from asserting the statutory redemption period had expired are not clearly erroneous. In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455. Therefore, the judgment against James S. Ferguson must be affirmed. However, the judgment as to Celia P. Ferguson must fall by reason of a jurisdictional defect in that the notice to quit was never served on her, and there was failure to serve the summons and complaint in sufficient time before July 28, 1970, so as to authorize the court to enter judgment against her on that date.

SDCL 21-16-1 provides:

---

3. Procedure same as other actions, SDCL 21-16-6. See Rules of Civil Procedure, especially RCP 86 (SDCL 15-6-86). Rules govern all actions after July 1, 1966 — RCP 7(a) (SDCL 15-6-7(a) ) as to pleadings, and RCP 8(d) (SDCL 15-6-8(d) ) as to effect of failure to deny a pleading. The rules have been the result of years of trial and experience. Had the written answer rule been followed, there would be no doubt as to the issues or whether Celia P. Ferguson made a general appearance.

4. See Forcible Entry and Detainer, 35 Am.Jur.2d, §§ 42, 43 and 45. This and many of the other questions adverted to are not properly before the court and we express no opinion as to them.

"An action of forcible entry and detainer, or of detainer only, is maintainable:

\*       \*       \*       \*       \*       \*       \*       \*

(5) Where a party continues in possession after a sale of the real property under mortgage, \* \* \* after the expiration of the time fixed by law for redemption, and after the execution and delivery of a deed".

SDCL 21-16-2 requires:

"In all cases arising under subdivisions (4), (5), and (6) of § 21-16-1, three days' written notice to quit must be given to the \* \* \* party in possession, before proceedings can be instituted \* \* \* ".

In Rowenhorst v. Johnson, 48 S.D. 325, 204 N.W. 173, the court said "We are of the opinion that by virtue of section 2172, Rev. Code 1919 (now SDCL 21-16-2), the service of the notice to quit is jurisdictional". While this may have been dictum, in Meservy v. Stoner, 50 S.D. 147, 208 N.W. 781, the court squarely held the service of the notice to quit was jurisdictional and a judgment entered without strict compliance with the statute requiring the service was subject to collateral attack. In Meservy the notice was served on February 15th and on February 18th a summons in forcible entry and detainer was issued by a justice of the peace and served on defendant in that action. Defendant made no appearance and the justice entered a judgment ousting him from the land involved. This court in an original proceeding granted a writ of prohibition prohibiting and restraining the justice of the peace from executing the judgment. The court said service of a notice to quit on the 15th day of the month excluded that day and the person on whom it was served had the 16th, 17th and all day of the 18th to remove from the land and a cause of action did not accrue until the 19th. Service of the notice being a jurisdictional requirement the court is required to take notice thereof whether presented by the parties or not. County School Board v. Cottonwood School District, 81 S.D. 530, 137 N.W.2d

882. This court may raise the jurisdiction of the trial court on its own motion. Darnall v. State, 79 S.D. 59, 108 N.W.2d 201. This was done during oral argument and written briefs were requested from counsel on that subject.

Using the same time guidelines as to the summons, it being served on Celia P. Ferguson on July 24th, she had four days, excluding the day of service, to answer and was not in default until July 29th.

The judgment as to James S. Ferguson is affirmed and as to Celia P. Ferguson it is reversed with instructions to dismiss the action as to her.

HANSON, WINANS and WOLLMAN, JJ., concur.