2001 SD 139

**ESTATE OF Charles A. FOUNTAIN, Plaintiff and Appellee,**

v.

**Ellen (Fountain) SCHROEDER, Defendant and Appellant.**

No. 21859.

Supreme Court of South Dakota.

Considered on Briefs Oct. 1, 2001.

Decided Nov. 14, 2001.

Michael A. Hauck of Bangs, McCullen, Butler, Foye & Simmons, Sioux Falls, for appellee.

Gregory P. Grajczyk of Boos & Grajczyk, Milbank, for appellant.

GORS, Acting Justice.

[¶ 1.] Ellen Schroeder (Ellen) appeals from a judgment ordering her eviction from the property on which she was living and in favor of the Estate of Charles A. Fountain (Estate) for $3,500 for unpaid rent plus interest and costs. We reverse.

## FACTS

[¶ 2.] Ellen, Charles Fountain (Charles) and Kevin Fountain (Kevin) are siblings. Ellen moved to Brandon, South Dakota, to care for her parents in 1991. In 1994, Ellen moved her mobile home to an adjacent vacant lot owned by her father (Father) who allowed Ellen to use the lot if she would pay one half of the real estate taxes on both his home and the vacant lot.

[¶ 3.] Mother died in 1995 and Father died April 26, 1999. Father's will provided that Ellen could buy the lot and Father's house from the Estate on a contract for deed under specific terms. After Father's death, Charles became the personal representative of Father's estate. Charles allowed Ellen to stay on the lot during the probate of the estate under the existing agreement to pay one half of the taxes on both properties.

[¶ 4.] Negotiations between Ellen and the Estate dragged on following Father's death. Kevin was appointed successor personal representative to Charles. Kevin served Ellen notice on September 28, 2000, demanding $200 per month rent on the lot where her mobile home was located retroactive to Father's death seventeen months earlier, and $500 per month rent on Father's house. A total of $3,900.00 was claimed to be due on October 1. When Ellen did not pay, Kevin served a three-day notice to quit on October 13, and

commenced an action for forcible entry and detainer (eviction) on October 20.

[¶ 5.] The trial court held that after Father's death, Ellen had a month-to-month tenancy but denied the Estate's claim for retroactive rent. The trial court found Ellen owed $700 per month for the two properties beginning October 1, and gave the Estate a judgment for five months rent in the amount of $3,500.00 plus interest and costs. The trial court also ordered Ellen evicted.

## STANDARD OF REVIEW

[¶ 6.] This Court reviews a trial court's findings of fact under the clearly erroneous standard and will overturn a trial court's conclusions of law only when the trial court erred as a matter of law. *In re Estate of O'Keefe*, 1998 SD 92, ¶ 7, 583 N.W.2d 138, 139. "The question is not whether this Court would have made the same finding that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed." *Century 21 Associated Realty v. Hoffman*, 503 N.W.2d 861, 864 (S.D.1993) "This Court interprets statutes under a de novo standard of review without deference to the decision of the trial court." *In re Estate of Jetter*, 1997 SD 125, ¶ 10, 570 N.W.2d 26, 28. When the issue involves a question of mixed law and fact requiring the application of a legal standard, the court will treat the issue as a question of law subject to de novo review. *Permann v. Dep't of Labor*, 411 N.W.2d 113, 119 (S.D.1987).

## ANALYSIS AND DECISION

### EVICTION

[¶ 7.] Prior to Father's death, Ellen and Father agreed that Ellen could park her mobile home on the adjacent lot if she cared for Father (and Mother when

she was alive) and paid one half of the real estate taxes on both the lot and Father's house. After Father's death, Charles, who was the first personal representative of Father's estate, agreed that Ellen could continue to park her mobile home on the premises during the probate of the estate.

[¶ 8.] The trial court found a month-to-month tenancy under SDCL 43–32–4, which relates to hiring of lodgings.[1] If the trial court was correct, then Ellen was entitled to thirty days notice of any modification of the month-to-month tenancy under SDCL 43–32–13 which provides:

> In all leases of lands or tenements or of any interest therein from month to month the landlord may, upon giving notice in writing *at least thirty days before the expiration of the month,* modify the terms of the lease to take effect at the end of the month. . . .

(emphasis added). Under the trial court's conclusion that this was a month-to-month tenancy, Ellen was entitled to thirty days notice. She was only given three days notice.

[¶ 9.] We believe the trial court incorrectly concluded that a month-to-month tenancy existed. The lot upon which Ellen placed her mobile home was bare. The tenancy was a hiring of real property, other than lodgings, under SDCL 43–32–3, not a hiring of lodgings under SDCL 43–32–4. Under SDCL 43–32–3 there is a presumption that a hiring of real property, other than lodgings, is for one year, unless otherwise expressed.

[¶ 10.] Before Father's death, the rental agreement was one half of the real estate taxes and caring for Father. Since Ellen was no longer required to care for

Father after his death, Charles told Ellen that she could stay during the probate of the estate if she continued to pay one half of the real estate taxes. This modification of the agreement by the parties changed the tenancy and expressed something other than the statutorily presumed one year. SDCL 43–32–3. The length of time it takes to probate an estate is not definite enough to characterize the tenancy as weekly, monthly or yearly. Therefore, after the modification, the tenancy was for an indefinite period. Under a tenancy for an indefinite period, Ellen was entitled to a one-month notice. SDCL 43–32–15. She was only given three days notice.

[¶ 11.] Under either a month-to-month tenancy or an indefinite tenancy, Kevin's modification of the rent could not be effective for thirty days. The three-day notice to quit served on October 13, 2000, was based on non-payment of modified rent that could not be due until November 1, 2000. Therefore, the notice was defective and the court could not order Ellen evicted. SDCL 21–16–2; *Meservy v. Stoner,* 50 S.D. 147, 149, 208 N.W. 781, 782 (1926). We reverse the judgment of eviction.

### RENT

■ [¶ 12.] Ellen was the only witness at trial. On direct examination, she testified:

Q: In addition there is a house?

A: Yes.

Q: You don't reside there?

A: No.

On cross-examination by the Estate's attorney, Ellen testified:

---

1. SDCL 43–32–4 provides:
   A hiring of lodgings for an unspecified term is presumed to have been made for such length of time as the parties adopt for the estimation of rent. Thus a hiring at a weekly rate of rent is presumed to be for one week. In the absence of any agreement respecting the length of time of the rent, the hiring is presumed to be monthly.

> Q: [W]hen did you first take possession of the house?
>
> A: We have never taken possession of the house.

Ellen changed the locks and heated the house to protect the contents. She also had some personal items in the house. There was no other evidence that Ellen occupied Father's house. Therefore, the trial court's finding that Ellen occupied her Father's house after his death and should have paid $500 per month rent on her Father's house is clearly erroneous. SDCL 15-6-52(a).

[¶ 13.] Since Ellen was entitled to one month notice of the modification of rent on the adjacent lot where Ellen's mobile home was located, the $200 monthly rent could not take effect until November 1, 2000. Once Kevin legally modified the rent, Ellen owed $200 per month rent from November 1, 2000, through February 28, 2001, for a total of $800. We reverse and remand for entry of a money judgment in favor of Estate and against Ellen for $800 plus costs and interest and for further proceedings consistent with this opinion.

[¶ 14.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON, and KONENKAMP, Justices, concur.