Unified Judicial System

 

 
 In The Matter of The Estate of Henry Siebrasse, Deceased
Plaintiffs and Appellants v.
Defendant and Appellee [2002 SD 26]
South Dakota Supreme Court
Appeal from the Circuit Court of The Sixth Judicial Circuit
Potter County, South Dakota
Hon. James W. Anderson, Judge
Stanely E. Whiting Winner, South Dakota
Attorneys for plaintiff and appellee
 
Craig E. Smith of Neumayr and Smith Gettysburg, South Dakota
Attorneys for defendant and appellant
 
Considered on Briefs January 7, 2002
Opinion Filed 2/20/2002

#21968
 
GORS, Acting Justice
 
[Â¶1.] Delbert Siebrasse (Delbert) appeals the trial courtâs order for complete settlement after formal probate proceedings.  We reverse. 
FACTS AND PROCEDURE
[Â¶2.] This is a probate dispute between two brothers.  Henry Siebrasse (Father) died May 1, 1999.  He was survived by two sons, Donald and Delbert, and one daughter, Leola Siebrasse Hall (Leola).  After a formal petition was filed, Fatherâs will was admitted to probate.  Donald was appointed personal representative pursuant to Fatherâs will.  
[Â¶3.] In November of 1999, the trial court held a hearing regarding the apportionment of the federal estate taxes.  Delbert was present, but he was not represented by counsel.  Delbert objected but the trial court concluded that Delbert did not really object because he said, âI donât object to paying my tax . . . .â  The court ordered apportionment of the taxes and stated that Delbert would be given a chance to object to any expenses in the future.
[Â¶4.] Donald submitted an appraisal of the entire 2,720 acres of real estate involved in the probate.  Delbert was to inherit approximately 800 acres.  The estateâs appraiser valued Delbertâs land at $328,600.  The estateâs appraiser did not consider any encumbrances on Delbertâs land.
[Â¶5.] Delbert submitted his own appraisal.  Delbertâs certified appraiser valued his land more than 50% lower because of the encumbrances.  Delbert requested a hearing to properly value the land he was to inherit.  The estateâs attorney argued that if Delbert disagreed with the Estateâs valuation, Delbert could either sue the personal representative (Donald) or wait to object at the final accounting.  The court agreed, quashed the objection to the valuation, and told Delbert he would have to renew his motion at the final accounting.
[Â¶6.] On August 11, 2000, prior to the final accounting, Delbert filed objections to the valuation and a petition for reduction of valuation of the land he was to inherit.  The court quashed this petition, stating that it is âmore appropriate to object to the valuation after the federal estate tax has been audited and when the final petition for distribution is presented.â  Delbert was denied a hearing on the valuation of the land.  At the final hearing on March 14, 2001, the trial court quashed Delbertâs objections and only addressed the final accounting.
[Â¶7.] The trial court did not hold a hearing on valuation of the land Delbert was to inherit.  If Delbert had been granted a hearing on valuation of his share of the land and if he had convinced the trial court that his land was worth one half of the valuation assigned by the estate, he would have paid $9,979.87 less in state inheritance tax and his prorated share of the federal estate tax would have been roughly $47,000 less.
[Â¶8.]  Delbert appeals on the following issues:  
1.            Whether the trial court denied Delbert due process by not holding a hearing on the valuation of Delbertâs land.
 
2.            Whether the trial court should have subjected the residual estate to inheritance and estate taxes before apportioning the taxes among the devisees.
 
3.            Whether the trial courtâs award of attorney fees to the personal representative was an abuse of discretion.
STANDARD OF REVIEW
 
[Â¶9.] Our standard of review is well settled:
This Court reviews a trial court's findings of fact under the clearly erroneous standard and will overturn a trial court's conclusions of law only when the trial court erred as a matter of law.  âThe question is not whether this Court would have made the same finding that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed.â 
 
Estate of Fountain v. Schroeder, 2001 SD 139, Â¶6, 657 NW2d 27, 28 (internal citations omitted). 
ANALYSIS
[Â¶10.] 1.          Whether the trial court denied Delbert due process by not holding a hearing on the valuation of Delbertâs land.
 
[Â¶11.] The estateâs appraiser did not know of any encumbrances on the land that Delbert was to inherit.  Delbert claimed that removal of the Farm Program basis on 148 acres, a Conservation Reserve Program (CRP) contract on 558 acres (with only one-half of the payment going to Delbert) and a wildlife easement on 280 acres diminished the landâs value.  The estate's appraisal was $328,600.  Delbert's appraisal was $145,000.  The trial court did not hold a hearing on the disputed valuation of the land Delbert inherited.  Delbert protected his record by proposing the following Findings of Fact:
9.  During the probate proceedings, Delbert Siebrasse petitioned the Court to hold a hearing and determine the proper appraisal for the five (5) quarters of real estate to be inherited by Delbert.  The [c]ourt declined to do this and told Delbert Siebrasse that he would have to renew his motion at the final accounting. 
 
10.  Prior to the final accounting, Delbert Siebrasse filed objections to the final accounting and requested again that the issue of the value of the land to be inherited by Delbert Siebrasse be addressed.  The Personal Representative moved to quash the objections to the accounting filed by Delbert and some of those objections were quashed and Delbert Siebrasse was unable to obtain a hearing on the proper valuation of the five (5) quarters of real estate which he was to inherit before the [c]ourt. 
 
[Â¶12.] Due process applies to probate proceedings.  Tulsa Collection Serv. v. Pope, 485 US 478, 108 SCt 1340, 99 LEd2d 565 (1988).  In Estate of Washburn, 1998 SD 11, 575 NW2d 245, beneficiaries of an estate were denied notice and an opportunity to be heard to contest an accounting at the trial courtâs final hearing.  On appeal the beneficiaries argued that denial of a hearing violated their right to procedural due process guaranteed by the South Dakota Constitution, Article VI 
Â§ 2, and the Fifth and Fourteenth Amendments to the United States Constitution.  This Court agreed stating, â[f]undamental is the notion that procedural due process requires that before a person is deprived of a property right that person is entitled to notice and a meaningful opportunity to be heard.â  Id. at Â¶18, 575 NW2d at 249-50.  While due process ârequires only such procedural protections as the particular situation demands,â the beneficiaries were denied notice and a meaningful opportunity to be heard at the trial court.  Id. at Â¶19, 575 NW2d at 250 (citing In re Certif. of Questions (Knowles v. United States), 1996 SD 10, Â¶79, 544 NW2d 183, 201).
[Â¶13.] Delbert was denied due process because he was denied a hearing on valuation.  We reverse and remand for a hearing on the valuation of the land Delbert inherited and for additional appropriate proceedings if the value is changed.
[Â¶14.] 2.          Whether the trial court should have subjected the residual estate to inheritance and estate taxes before apportioning the taxes among the devisees.
 
[Â¶15.] Henryâs will contained a variation of a standard clause directing âmy executor, hereinafter named, to pay all of my just debts and funeral expenses as soon after my decease as conveniently may be.â  At a hearing on November 22, 1999, the court ordered that the federal estate taxes be apportioned in accordance with SDCL 29A-3-916(b).  Delbert, who appeared without counsel, objected but the court found that Delbert was not really objecting because Delbert made a general statement that he was willing to pay his fair share of the taxes.
[Â¶16.] Henryâs will devised a portion of his estate to specific persons but contained a clause disposing of the residue.  Delbert argues that the federal estate taxes should come out of the residuary estate before being apportioned against the specific devisees in the will.
[Â¶17.] According to 97 CJS Wills Â§ 1956 (2001), debts are paid first from property charged with debts by the terms of the will.  Then the residual estate is subjected to debts.  Next, debts are paid from general bequests which are abated pro rata.  Specific bequests are the last class of property subjected to debts.  See In Re Estate of Kuehn, 87 SD 569, 576-77, 212 NW2d 356, 360 (1973).  Prior to adoption of the Uniform Probate Code (UPC), SDCL 29-6-7 (repealed by 1995 SD SessLaw ch 167 Â§ 96) provided for payment of debts as follows:  first from property expressly appropriated by the will for payment of debts, next from property not disposed of by the will, then from the residual estate, followed by property not specifically devised and finally from all other property ratably.  The UPC adopted in 1994 applies to this case, SDCL 29A-8-101(b), and contains a similar provision.  The UPC employs the terminology âshares abate in the following orderâ in SDCL 29A-3-902.  Property not disposed of by the will abates first.  Then the residuary estate abates.  Next property not specifically devised abates.  Finally, resort can be had to property specifically devised which is abated proportionately.
[Â¶18.] Federal estate taxes are debts chargeable against the principal of an estate.  SDCL 55-13-5(a).  In Matter of Estate of King, 278 NW2d 171, 174 (SD 1979), this Court held that a direction in the will to pay debts and taxes first shifted the burden of the federal estate taxes to the residual estate.  (South Dakota probate law in 1979 was similar to the UPC provision now found in SDCL 29A-3-916(b) which provides for apportionment of estate taxes among the devisees unless the will provides otherwise.[1] )  Although the clause in the King[2]  will was more extensive, we hold that the direction to pay all debts shifts the estate tax burden first to the residual estate, which must be exhausted before the burden may be apportioned among the specific devisees.
[Â¶19.] It is not clear from the record how much the residual estate contained, but it does appear that it could approach the entire amount of the federal estate tax.  We reverse and remand.  On remand, the trial court should calculate the amount of the estate that passed by specific or general devise and how much remained in the residual estate.  The residual estate should then be charged with the federal estate tax before any apportionment is made.
[Â¶20.] 3.          Whether the trial court award of attorney fees to the personal representative was an abuse of discretion.
 
[Â¶21.] Donald requested attorneyâs fees for defending Delbertâs motion to compel and motion to remove Donald as the Estateâs personal representative (which was Delbertâs third unsuccessful attempt to secure a valuation hearing).  Delbert objected.  The trial court agreed with Donald and granted the Estate $996.40 in attorneyâs fees.  Delbert claims that the trial courtâs ruling constituted an abuse of discretion.   We agree.
[Â¶22.] Pursuant to SDCL 15-17-38, a trial court may award attorneyâs fees in probate proceedings.  When this Court determines whether one party should be required to pay another party's attorney's fees, we take into consideration âthe property owned by each party, their relative incomes, the liquidity of the assets, and whether either party unreasonably increased the time spent on the case.â  Jopling v. Jopling, 526 NW2d 712, 717 (SD 1995) (emphasis added).  We will not disturb a trial court's award of attorney's fees absent an abuse of discretion.  Rykhus v. Rykhus, 319 NW2d 167, 171 (SD 1982).  Here the trial court granted the attorney fees because Delbert was making a third attempt to get a hearing on his request to properly value his inheritance for tax purposes.  Since the trial courtâs refusal to hold a valuation hearing is reversed and remanded, the award of attorney fees is also reversed and remanded for reconsideration in light of our decision. 
[Â¶23.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON, and KONENKAMP, Justices, concur.

[1].         See former SDCL 29-7-1 and 29-7-2, repealed by 1995 SD SessLaw ch 167.
 

[2].         Kingâs will provided: âI direct my executor to pay out of the principal or income, or both, of the property coming into his possession as executor, all debts allowed in the course of administration, expenses of last illness and funeral, administration expenses and all estate, inheritance, legacy and succession taxes levied upon or in connection with any property or interest either passing under this will or treated as a part of my estate for the purpose of any such tax or subjected, for any reason, to any such tax.â King, 278 NW2d at 172.